IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CIVIL NO. |
| TICO JERMAINE BYNUM, | ) | |
| MALCOLM BYNUM, and | ) | |
| DONALD BYNUM, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The United States of America, by and through William Stetzer, Attorney for the United States acting pursuant to 28 U.S.C. § 515, files this Complaint and alleges as follows:

### INTRODUCTION AND NATURE OF ACTION

1.      This is a civil action against Defendants Tico Jermaine Bynum, Malcolm Bynum, and Donald Bynum to set aside fraudulent transfers of real property pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq.*

2.      As the result of two separate criminal convictions, Tico Bynum currently owes the victims of his crimes $221,818.98. Specifically, Tico Bynum is indebted to the United States for restitution in the amounts of (1) $17,896.92 as the result of a criminal sentence imposed on March 25, 1999, and (2) $203,922.06 as the result of a criminal sentence imposed on April 1, 2008.

3.      Tico Bynum first fraudulently transferred the real property at issue to his son, Malcolm Bynum, on September 20, 2019, in violation of 28 U.S.C. § 3304. Then, one day before Malcolm Bynum entered into a plea agreement on fraud and identity theft charges for which he

1

will owe restitution in excess of $150,000, Malcolm Bynum transferred the property to his grandfather, Donald Bynum, for zero consideration, in violation of 28 U.S.C. § 3304.

4.    The United States seeks to void the fraudulent transfer from Tico Bynum to Malcolm Bynum and subsequent transferee Donald Bynum.  In the alternative, the United States seeks to void the fraudulent transfer from Malcolm Bynum to Donald Bynum.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1345.

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the property at issue is in the Western District of North Carolina.  Venue is also proper because the events giving rise to this claim occurred in the Western District of North Carolina.

## PARTIES

7.    Plaintiff is the United States of America, proceeding in its sovereign capacity under 28 U.S.C. §§ 1345 and 3301-3307.

8.    Defendant Tico Bynum is a resident of Mecklenburg County, North Carolina.

9.    Defendant Malcolm Bynum is a resident of Mecklenburg County, North Carolina. Malcolm Bynum is Tico Bynum's son.

10.    Defendant Donald Bynum is a resident of Mecklenburg County, North Carolina. Donald Bynum is Tico Bynum's father and Malcolm Bynum's grandfather.

## PROPERTY

11.    The real property referenced herein consists of property located at 1344 Downs Avenue, Charlotte, North Carolina 28205, parcel number 09309217 (the "Property").

2

# FACTUAL ALLEGATIONS

## The Debts

12.     On June 16, 1998, Tico Bynum was found guilty after trial of conspiracy to defraud the United States, bank fraud, and uttering fraudulently made securities.  He was sentenced on March 25, 1999, to 36 months in prison and ordered to pay a special assessment of $300 and restitution of $34,983.03 to his victims, in the District Court for the Western District of North Carolina, *United States v. Tico Jermaine Bynum*, Case No. 3:97-cr-338-1.

13.     The United States filed a Notice of Lien as to the restitution debt on August 19, 1999, with the Mecklenburg County Clerk of Superior Court, File No. 99 M 4260.  *See* 1999 Lien, attached as Exhibit A.

14.     Tico Bynum's current restitution debt balance is $17,896.92.  He has not made any voluntary payments toward the aforementioned debt since 2009.

15.     Tico Bynum subsequently pleaded guilty to conspiracy to defraud the United States, counterfeit securities fraud, Social Security account number fraud, and aggravated identity theft on April 13, 2007, in the District Court for the Western District of North Carolina, *United States v. Tico Bynum*, Case No. 3:07-cr-52-1.

16.     On April 1, 2008, he was sentenced to 84 months in prison and ordered to pay a special assessment of $400 and restitution of $213,024.65 to his victims.

17.     The United States filed a Notice of Lien as to the 2008 restitution debt on May 19, 2008, with the Mecklenburg County Clerk of Superior Court, File No. 08 M 6412.  *See* 2008 Lien, attached as Exhibit B.

18.     Tico Bynum's current restitution debt balance is $203,922.06.  He has not made any voluntary payments toward the aforementioned debt since 2016.

19.     In total, Tico Bynum owes the victims of his crimes $221,818.98.

<u>The First Fraudulent Transfer</u>

20.     On May 4, 2017, Tico Bynum obtained an interest in the Property by virtue of a North Carolina General Warranty Deed recorded May 4, 2017, with the Mecklenburg County Register of Deeds transferring the Property from Mildred M. Wallace to Tico J. Bynum for no consideration.  *See* May 4, 2017, Deed, attached as Exhibit C (the "2017 Deed").

21.     On July 25, 2018, after Ms. Wallace's death, the executor of Ms. Wallace's estate and the guardian of her son filed an action in state court alleging, *inter alia*, that Ms. Wallace was not competent to manage her affairs when she purportedly transferred four pieces of real estate, including the Property, to Tico Bynum.   *See* State Court Complaint, attached as Exhibit D. According to the Complaint in that action, Tico Bynum became acquainted with Ms. Wallace because his mother rented the Property from Ms. Wallace.

22.     As part of the settlement in the state court action, Tico Bynum retained title to the Property.  A Consent Order and Final Judgment was entered on October 1, 2019.  *See* Consent Order, attached as Exhibit E.

23.     On November 15, 2019, Tico Bynum caused to be recorded with the Mecklenburg County Register of Deeds a Quitclaim Deed transferring the Property from Tico J. Bynum to Malcolm J. Bynum on September 20, 2019.  *See* November 15, 2019, Deed, attached as Exhibit F (the "2019 Deed").

24.     The purchase price for the Property was $0, or "no consideration."  On information and belief, the fair market value of the Property was and is in excess of $200,000.

4

The Second Fraudulent Transfer

25.     On June 10, 2020, Malcolm Bynum executed a Quitclaim Deed transferring his interest in the Property to Donald Bynum.  *See* 2020 Deed, attached as Exhibit G ("the 2020 Deed").

26.     On June 19, 2020, Malcolm Bynum was indicted in the District Court for the Western District of North Carolina on charges of conspiracy to commit bank and wire fraud, financial institution fraud, and aggravated identity theft.  *See* Docket Entry No. 3, *United States v. Malcolm Bynum*, Case No. 3:20-cr-00202-RJC-DSC-1.

27.     During a July 2, 2020, detention hearing in Malcolm Bynum's case, Tico Bynum testified that he deeded the Property to Malcolm Bynum for zero consideration in September 2019, when Tico Bynum still owed roughly $200,000 in restitution to the victims of his crimes.  *See* Detention Hearing transcript excerpts, attached as Exhibit H.

28.     On December 1, 2020, the Quitclaim Deed from Malcolm Bynum to Donald Bynum was recorded with the Mecklenburg County Register of Deeds.  *See* the 2020 Deed, attached as Exhibit G.

29.     On December 2, 2020, Malcolm Bynum signed a plea agreement with the United States.  *See* Docket Entry No. 41, *United States v. Malcolm Bynum*, Case No. 3:20-cr-00202-RJC-DSC-1.

30.     The plea was entered on January 21, 2021.  *See* Docket Entry No. 46, *United States v. Malcolm Bynum*, Case No. 3:20-cr-00202-RJC-DSC-1.

31.     On information and belief, it is expected that Bynum will owe restitution in excess of $150,000 to the victims of his crimes.

32.     The purchase price Donald Bynum paid for the Property was $0, or "no consideration." On information and belief, the fair market value of the Property is in excess of $200,000.

## FIRST CLAIM FOR RELIEF

Avoidance of Fraudulent Transfer from Tico Bynum to Malcolm Bynum
in Violation of 28 U.S.C. § 3304(a)(1)

33.     The United States re-alleges Paragraphs 1-32 as if set forth fully herein.

34.     The transfer alleged in Paragraph 23 violates 28 U.S.C. § 3304(a)(1) in that:

a)      Tico Bynum made the transfer at a time when he was indebted to United States as a result of the judgment entered against him in *United States v. Tico Jermaine Bynum*, No. 3:97-cr-338-1 (W.D.N.C.), and the judgment entered against him in *United States v. Tico Jermaine Bynum*, 3:07-cr-52-1 (W.D.N.C.);

b)      Tico Bynum made the transfer without receiving a reasonably equivalent value in exchange for the transfer; and

c)      Tico Bynum was insolvent at the time of the transfer, or the transfer caused him to become insolvent.

35.     As a result of this violation of Section 3304(a)(1), the transfer alleged in Paragraph 23 was a fraudulent transfer as to the debt owed to the United States by Tico Bynum.

## SECOND CLAIM FOR RELIEF

Avoidance of Fraudulent Transfer from Tico Bynum to Malcolm Bynum
in Violation of 28 U.S.C. § 3304(b)(1)(A)

36.     The United States re-alleges Paragraphs 1-35 as if set forth fully herein.

6

37. The transfer alleged in Paragraph 23 violates 28 U.S.C. § 3304(b)(1)(A) in that it was made with actual intent to hinder, delay, or defraud a creditor, as evidenced by the fact that:

    a)    The transfer was to an insider as defined by 28 U.S.C. § 3301(5), Tico Bynum's son, Malcolm Bynum;

    b)    Before the transfer occurred, Tico Bynum was indebted to the United States in an amount equal to or exceeding $221,818.98;

    c)    The value of the consideration received by Tico Bynum was not reasonably equivalent to the value of the asset transferred; and

    d)    Tico Bynum was insolvent at the time of the transfer, or the transfer caused him to become insolvent.

38. As a result of this violation of Section 3304(b)(1)(A), the transfer described in Paragraph 23 was a fraudulent transfer as to the debt owed to the United States by Tico Bynum.

## THIRD CLAIM FOR RELIEF

<u>Avoidance of Fraudulent Transfer from Malcolm Bynum to Donald Bynum in Violation of 28 U.S.C. § 3304(b)(1)(A)</u>

39. The United States re-alleges Paragraphs 1-38 as if set forth fully herein.

40. The transfer alleged in Paragraphs 25 and 28 violates 28 U.S.C. § 3304(b)(1)(A) in that:

    a)    The transfer was to an insider as defined by 28 U.S.C. § 3301(5), Donald Bynum, Malcolm Bynum's grandfather;

    b)    Before the transfer occurred, Malcolm Bynum knew that he would become indebted to the United States for restitution in excess of $150,000;

7

c) The transfer occurred one day before Malcolm Bynum signed a plea agreement in *United States v. Malcolm Bynum*, Case No. 3:20-cr-00202-RJC-DSC-1 (W.D.N.C.), in which he will owe restitution in excess of $150,000 to the victims of his crimes;

d) The transfer was concealed in that the deed effecting the transfer was not recorded until after Malcolm Bynum signed his plea agreement;

e) The value of the consideration received by Malcolm Bynum was not reasonably equivalent to the value of the asset transferred; and

f) Malcolm Bynum was insolvent at the time of the transfer, or the transfer caused him to become insolvent.

41. As a result of this violation of 28 U.S.C. § 3304(b)(1)(A), the transfer alleged in Paragraphs 25 and 28 was a fraudulent transfer as to the debt that will be owed to the United States by Malcolm Bynum.

## FOURTH CLAIM FOR RELIEF

Avoidance of Fraudulent Transfer from Malcolm Bynum to Donald Bynum
in Violation of 28 U.S.C. § 3304(b)(1)(B)

42. The United States re-alleges Paragraphs 1-41 as if set forth fully herein.

43. The transfer alleged in Paragraphs 25 and 28 violates 28 U.S.C. § 3304(b)(1)(B) in that:

a) Malcolm Bynum transferred the Property without receiving a reasonably equivalent value in exchange for the transfer; and

8

b)  Malcolm Bynum intended to incur, or believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due, specifically, the restitution debt in his ongoing criminal case;

44. As a result of this violation of 28 U.S.C. § 3304(b)(1)(B), the transfer described in Paragraphs 25 and 28 was a fraudulent transfer as to the debt that will be owed to the United States by Malcolm Bynum.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays:

(i)  As to Count One, that the transfer alleged in Paragraph 23 be adjudged a fraudulent transfer in violation of 28 U.S.C. § 3304(a)(1) and void to the extent necessary to satisfy the United States' judgments in *United States v. Tico Jermaine Bynum*, Case No. 3:97-cr-338-1 (W.D.N.C.), and *United States v. Tico Jermaine Bynum*, Case No. 3:07-cr-52-1 (W.D.N.C.);

(ii)  As to Count Two, that the transfer alleged in Paragraph 23 be adjudged a fraudulent transfer in violation of 28 U.S.C. § 3304(b)(1)(A) and void to the extent necessary to satisfy the United States' judgments in *United States v. Tico Jermaine Bynum*, Case No. 3:97-cr-338-1 (W.D.N.C.), and *United States v. Tico Jermaine Bynum*, Case No. 3:07-cr-52-1 (W.D.N.C.);

(iii)  As to Count Three, in the alternative, that the transfer alleged in Paragraphs 25 and 28 be adjudged a fraudulent transfer in violation of 28 U.S.C. § 3304(b)(1)(A) and void to the extent necessary to satisfy the United States' judgment in *United States v. Malcolm Bynum*, Case No. 3:20-cr-00202-RJC-DSC-1 (W.D.N.C.);

9

(iv)     As to Count Four, in the alternative, that the transfer alleged in Paragraphs 25 and 28 be adjudged a fraudulent transfer in violation of 28 U.S.C. § 3304(b)(1)(B) and void to the extent necessary to satisfy the United States' judgment in *United States v. Malcolm Bynum*, Case No. 3:20-cr-00202-RJC-DSC-1 (W.D.N.C.);

(v)      For execution under 28 U.S.C. § 3203 against the Property to the extent necessary to satisfy the United States' judgments in *United States v. Tico Jermaine Bynum*, Case No. 3:97CR338-1 (W.D.N.C.), *United States v. Tico Jermaine Bynum*, Case No. 3:07-cr-52-1 (W.D.N.C.), and *United States v. Malcolm Bynum*, Case No. 3:20-cr-00202-RJC-DSC (W.D.N.C.);

(vi)     That the United States be awarded a money judgment against Malcolm Bynum and Donald Bynum, jointly and severally, for the value of the Property transferred; and

(vii)    For such other and further relief as the Court deems just and proper.

Respectfully submitted, this 22nd day of January, 2021

WILLIAM STETZER
ATTORNEY FOR THE UNITED STATES[1]

**/s/ Julia K. Wood**
ASSISTANT UNITED STATES ATTORNEY
N.C. Bar No. 51754
227 West Trade Street, Suite 1650
Charlotte, NC 28202
Phone: (704) 344-6222
Fax: (704) 227-0248
Email: Julia.Wood@usdoj.gov

---

[1] Acting under authority conferred by 28 U.S.C. §515.

10

# Exhibit A

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CRIMINAL NO. 3:97CR338-01 |
| Plaintiff, | ) |
| | ) **NOTICE OF LIEN FOR FINE** |
| vs. | ) **AND/OR RESTITUTION** IMPOSED |
| | ) PURSUANT TO THE ANTI-TERRORISM |
| TICO JERMAINE BYNUM, | ) AND EFFECTIVE DEATH PENALTY |
| Defendant. | ) ACT OF 1996 |

The United States of America, by and through its attorney, Mark T. Calloway, United States Attorney for the Western District of North Carolina, hereby gives notice of a lien against the property of the defendant named above. Pursuant to Title 18, United States Code, §3613(c), a fine or an order of restitution imposed pursuant to the provisions of subchapter C of chapter 227 is a lien in favor of the United States upon all property belonging to the person fined or ordered to pay restitution. Pursuant to §3613(d) a notice of lien shall be considered a notice of lien for taxes for the purposes of any State or local law providing for the filing of a tax lien. The lien arises at the time of the entry of judgment and continues until the liability is satisfied, remitted, or set aside, or until it becomes unenforceable pursuant to §3613(b).

<u>Residence</u>:        1356 Downs Ave.,
                Charlotte, NC  28205
<u>Place of filing</u>:  Mecklenburg County
<u>Amount of Lien</u>:   $35,283.03
<u>Court Imposing Judgment</u>:  U. S. District Court, WD/NC
<u>Date of Judgment</u>:  April 22, 1999
<u>Date of Entry of Judgment</u>:  April 22, 1999
<u>Rate of Interest</u>:  0%

If payment becomes past due, possible penalties totalling 25 percent of the principal amount past due may arise pursuant to 18 U.S.C. §3612(g).

**IMPORTANT RELEASE INFORMATION**: With respect to the lien listed above, this notice shall operate as a certificate of release pursuant to 18 U.S.C. §3613(b) by operation of law, but no later than April 22, 2022.

MARK T. CALLOWAY
United States Attorney

JAMES M. SULLIVAN
Assistant United States Attorney
N.C. State Bar No. 17811
Suite 1700, Carillon Building
227 West Trade Street
Charlotte, NC  28202
(704)344-6222

SWORN TO AND SUBSCRIBED before the undersigned Notary Public,
this the 11th day of August, 1999.

Rhonda C. Ramsey
Notary Public

My Commission Expires:   10-3-2000

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED

| | |
|---|---|
| UNITED STATES OF AMERICA, | )  CRIMINAL NO. DNCW3:07CR52 |
| | )  (Financial Litigation Unit) |
| | ) |
| vs. | )  **NOTICE OF LIEN FOR FINE AND/OR** |
| | )  **RESTITUTION IMPOSED PURSUANT** |
| | )  **THE ANTI-TERRORISM AND EFFECTIVE** |
| TICO JERMAINE BYNUM, | )  **DEATH PENALTY ACT OF 1966** |
| aka/DEAN M. JONES, TOMMY PHILLIPS) | |

The United States of America, by and through its attorney, Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, hereby gives **notice** of a lien against the property of the defendant named above. Pursuant to 18 U.S.C. §3613(c), a fine or an order of restitution imposed pursuant to the provisions of subchapter C of chapter 227 is a lien in favor of the United States and upon **all** property belonging to the person fined or ordered to pay restitution. Pursuant to §3613(d) a notice of lien shall be considered a notice of lien for taxes for the purposes of any State or local law providing for the filing of the tax lien. The lien arises at the time of the entry of judgment and continues until the liability is satisfied, remitted, or set aside, or until it becomes unenforceable pursuant to §3613(b).

| | | | |
|---|---|---|---|
| Residence: | 1356 Downs Avenue, | | |
| | Charlotte, NC 28205 | | |
| Place of Filing: | Mecklenburg | Amount of Lien: | $213,424.65 |
| Date of Judgment: | April 1, 2008 | Rate of Interest: | 0% |
| Date of Entry of Judgment: | April 4, 2008 | | |
| Court Imposing Judgment: | U.S. District Court, Western District of North Carolina | | |

If payment becomes past due, possible penalties totaling 25 percent of the principal amount past due may arise pursuant to 18 U.S.C. §3612(g).

**IMPORTANT RELEASE INFORMATION**:  With respect to the lien listed above, this notice shall operate as a certificate of release pursuant to 18 U.S.C. §3613(b) by operation of law, but no later than 04/01/2035.

SWORN TO AND SUBSCRIBED before me
this the 12ᵗ day of _May_, 200_8_.

_Pamela Way_
NOTARY PUBLIC

My Commission Expires: _6/14/2008_

_Mecklenburg_ County, North Carolina

GRETCHEN C.F. SHAPPERT
UNITED STATES ATTORNEY

JENNIFER A. YOUNGS
ASSISTANT UNITED STATES ATTORNEY
NCSB# 23925
227 West Trade Street, Suite 1650
Charlotte, NC 28202
(704)344-6222 or (866)371-7736 toll-free



RECEIVED
MAY 2 0 2008
U.S. ATTORNEY'S
OFFICE
CHARLOTTE, NC

Exhibit C

FOR REGISTRATION
Fredrick Smith
REGISTER OF DEEDS
Mecklenburg County, NC
2017 MAY 04 01:04:10 PM
BK:31775 PG:472-474
FEE:$26.00
INSTRUMENT # 2017058680

PHETSL



2017058680

---

**Recording Cover Page**
*Must be typed or printed clearly in black ink only.*

Returned to customer

## NORTH CAROLINA GENERAL WARRANTY DEED

**Document Title**
*Must appear exactly as the first page of the document to be recorded*

### Prepared By:

Name: _____ MR. BYNUM _____

Address: _____ 1356 DOWNS AVE _____

City/State/Zip: _____ CHARLOTTE N.C. 28205 _____

### After Recording, Mail To:

Name: _____ MR. BYNUM _____

Address: _____ 1356 DOWNS AVE. _____

City/State/Zip: _____ CHARLOTTE N.C. 28205 _____

*Cover sheets may be used for documents that do not conform to North Carolina document recording standards. Submitters may use this cover sheet or prepare their own. If using this cover sheet, submitters assume responsibility for its completion and all liability for the content and information provided.*

## NORTH CAROLINA GENERAL WARRANTY DEED

Excise Tax: *0*                               Parcel ID: **093-092-17**

Brief Description For The Index:

| Davis Park |
| --- |
| L-13  B-6  Book  3-293 |

THIS DEED made this __14__ day of ____November____, 2016, by and between,

### GRANTOR
**MILDRED M. WALLACE**
4213 Briarhill Drive
Charlotte, NC 28215

### GRANTEE
**TICO J. BYNUM**
1356 Downs Avenue
Charlotte, NC 28205

*The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.*

WITNESSETH that the Grantor, for love and affection and as a gift the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple; all that certain lot or parcel of land situated in the City of Charlotte, Mecklenburg County, North Carolina and more particularly described as follows:

BEING all of Lot 13, Block 6, as shown on map of Davis Park recorded in Map Book 3, page 293, Mecklenburg Public Registry.

BEING the same property conveyed to V. L. Lipe and wife, Lillie H. Lipe, by deed dated September 22, 1936, and recorded in Book 876 page 359, Mecklenburg Public Registry.

BEING the same property devised to Mildred L. Mullis and Lorean L. Bottoms by Will of Lillie Houser Lipe. Reference is made to Estate File No. 88-E-1623 in the Office of the Clerk of Superior Court for Mecklenburg County, North Carolina.

The property herinabove described was acquired by Grantor by instrument recorded in Book 5814 page 200 of the Mecklenburg Public Registry.

TO HAVE AND TO HOLD the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple.

And the Grantor covenants with the Grantee that the Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever except for the following exceptions hereinafter stated. Title to the property hereinabove described is subject to the following exceptions:

    1- Ad valorem taxes for the current year.

    2- Restrictions, easements and rights-of-way of record.

IN WITNESS WHEREOF, the Grantor has hereunto set his hand and seal, the day and year first above written.

_Mildred M Wallace_ (Grantor)      _Panell Spn_ (SEAL)
Type of ID NC ID ▓▓▓▓▓

_Tico J. Bynum_ (Grantee)      _Panell Spn_ (SEAL)
Type of ID NC DL ▓▓▓▓▓

STATE OF <u>North Carolina</u>, COUNTY OF <u>Mecklenburg</u>

                                 Tico J. Bynum
                                   and

I, a Notary Public for said County and State, do hereby certify that <u>Mildred M. Wallace</u> personally appeared before me this day and acknowledged the due execution of the foregoing and attached Warranty Deed.

WITNESS my hand and notarial seal, this the 14 day of NOV (month) 2016 (year).

Tanisha Spears
Notary Public
County of Mecklenburg
State of North Carolina
My Commission Expires October 13, 2021

My Commission Expires: _____

_Panell Spn_ Notary Public

Exhibit D

# STATE OF NORTH CAROLINA

File No.
18 CVS 14283

__MECKLENBURG__ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

*Name Of Plaintiff*
THE ESTATE OF MILDRED WALLACE

*Address*
326 W. 10th Street

*City, State, Zip*
Charlotte                    NC        28202

## CIVIL SUMMONS
☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3, 4

**VERSUS**

*Name Of Defendant(s)*
TICO JERMAINE BYNUM a/k/a JERMAINE BYNUM a/k/a TICO
BYNUM a/k/a TICO JOSMINE BYNUM a/k/a
DEAN M. JONES a/k/a TOMMY PHILLIPS, SECURITY BENEFIT LIFE
INSURANCE COMPANY, and THE UNITED STATES OF AMERICAN

*Date Original Summons Issued*

*Date(s) Subsequent Summons(es) Issued*

## To Each Of The Defendant(s) Named Below:

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| THE UNITED STATES OF AMERICA ATTORNEY'S OFFICE | U.S. DEPARTMENT OF JUSTICE |
| WESTERN DISTRICT OF NORTH CAROLINA | |
| 227 West Trade Street Suite 1650 | 950 Pennsylvania Avenue, NW |
| Charlotte                    NC   28202 | Washington                 DC      20530-0001 |

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

*Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)*
Lindley Law, PLLC.
c/o Trey Lindley
326 W. 10th Street
Charlotte                    NC   280202

*Date Issued*
7-25-18

*Time*
9:10        ☒ AM
            ☐ PM

*Signature*
Emiley J. Simpson

☐ Deputy CSC     ☐ Assistant CSC     ☐ Clerk Of Superior Court

---

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date
indicated above and returned not served. At the request
of the plaintiff, the time within which this Summons must
be served is extended sixty (60) days.

*Date Of Endorsement*

*Time*
            ☐ AM
            ☐ PM

*Signature*

☐ Deputy CSC     ☐ Assistant CSC     ☐ Clerk Of Superior Court

---

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

SHARON ECONOMOS, Administratrix of
the Estate of Mildred Mae Wallace, and R.
MICHAEL ALLEN, Guardian of the Estate
of Charlie Albert Morgan,

     Plaintiffs,

v.

TICO JERMAINE BYNUM a/k/a
JERMAINE BYNUM a/k/a TICO BYNUM
a/k/a TICO JERMINE BYNUM a/k/a TICO
JOSMINE BYNUM a/k/a TICOAINE
BYNUM a/k/a DEAN M. JONES a/k/a
TOMMY PHILLIPS d/b/a TMT
ENTERPRISES, SECURITY BENEFIT LIFE
INSURANCE COMPANY, and THE
UNITED STATES OF AMERICA,

     Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
18-CVS-

**COMPLAINT**

COMES NOW Plaintiffs, Sharon Economos ("Administratrix"), as Administratrix of the Estate of Mildred Mae Wallace and R. Michael Allen ("Guardian"), Guardian of the Estate of Charlie Albert Morgan, complaining of the Defendants, Tico Jermaine Bynum a/k/a Jermaine Bynum a/k/a Tico Bynum a/k/a Tico Jermine Bynum a/k/a Tico Josmine Bynum a/k/a Ticoaine Bynum a/k/a Dean M. Jones a/k/a Tommy Phillips ("Bynum") d/b/a TMT Enterprises, Security Benefit Life Insurance Company ("SBL"), the United States of America ("USA"), and shows unto the Court as follows:

<u>**PARTIES AND JURISDICTION**</u>

1.     Administratrix is a citizen and resident of Brunswick County, North Carolina. On October 27, 2017, she qualified as Administratrix of the Estate of Mildred Mae Wallace ("Wallace") in that matter captioned as: *In the Matter of the Estate of Mildred Mae Wallace*, in the General Court of Justice, Superior Court Division, Before the Clerk, Mecklenburg County, North Carolina, File No. 17-E-3516 (the "Estate"). A true and accurate copy of the Letters of Administration are incorporated herein by reference and attached hereto as <u>Exhibit A</u>.

2.     Guardian is a citizen and resident of Mecklenburg County, North Carolina. On May 15, 2018, he qualified as Guardian of the Estate of Charlie Albert Morgan ("Morgan") in that matter captioned as: *In the Matter of the Estate of Charlie Albert Morgan*, in the General Court of Justice, Superior Court Division, Before the Clerk, Mecklenburg County, North Carolina, File No.

1

18-E-1757. A true and accurate copy of Guardian's Letters of Appointment Guardian of the Estate are incorporated herein by reference and attached hereto as <u>Exhibit B.</u>

3. Upon information and belief, Bynum is an individual residing in Mecklenburg County, North Carolina and is not an infant nor incompetent person. Bynum is an African American male known to use various false alias and social security numbers. The various social security numbers associated with Bynum and his aliases include XXX-XX-8891, XXX-XX-8892, XXX-XX-8894, XXX-XX-8895, XXX-XX-8897, and XXX-XX-9431.

4. SBL is an insurance company domiciled in Kansas and authorized to conduct business in the State of North Carolina. SBL is named in this action solely for the purpose of ascertaining the rightful beneficiaries of certain contracts to which it was privy with Wallace.

5. USA is a country and is being named as a Defendant herein solely because USA filed a Notice of Lien for Fine and/or Restitution Imposed Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1966 (the "USA Lien") against Bynum, Lien No. 08-M-6412, in the Office of the Clerk of Superior Court of Mecklenburg County and such lien should not attach to the real property at issue in this lawsuit. A true and accurate copy of the USA Lien is incorporated herein by reference and attached hereto as <u>Exhibit C.</u>

6. The subject matter of this lawsuit involves, *inter alia*, the recovery of real property located in Mecklenburg and Brunswick Counties, North Carolina and funds converted in North Carolina and South Carolina.

7. This Court may properly exert jurisdiction over the parties to this action and the subject matter of the claims alleged herein. Pursuant to N.C. Gen. Stat. §§ 1-76(1) and 1-82, venue is proper in Mecklenburg County, North Carolina.

<u>**RELEVANT FACTS**</u>

8. Paragraphs 1 through 7 above are hereby realleged and incorporated herein by reference.

9. On October 18, 2017, Wallace died intestate as a citizen and resident of Mecklenburg County, North Carolina.

10. Morgan is Wallace's son and only heir.

11. During the course of her life and while competent, Wallace frugally saved her earnings, did not trust anyone with the management of her financial affairs, and did not make extravagant purchases or regular withdrawals from her bank accounts. As a result, she amassed hundreds of thousands of dollars in her bank accounts, including those at Founder's Federal Credit Union ("FFCU") and First Citizens Bank ("First Citizens").

12. Beginning as early as 1955, Wallace began to acquire various tracts of real property in North and South Carolina. These properties include three properties in Mecklenburg County,

2

North Carolina and one property in Brunswick County, North Carolina, which are more particularly described below (and referenced collectively herein as the "Real Properties").

13.　　Via a Deed dated September 9, 1955, Wallace acquired title to real property located in Mecklenburg County, North Carolina with a street address of 1820 North Brevard Street, Charlotte, NC.

14.　　Via an Individual Warranty Deed dated December 2, 1970, Wallace acquired title to real property located in Mecklenburg County, North Carolina with a street address of 4213 Briarhill Drive, Charlotte, NC 28215.

15.　　Via a North Carolina General Warranty Deed dated July 19, 1988, Wallace acquired title to real property located in Mecklenburg County, North Carolina with a street address of 1344 Downs Avenue, Charlotte, NC.

16.　　Via a North Carolina General Warranty Deed dated October 14, 2011, Wallace acquired title to real property located in Brunswick County, North Carolina with a street address of 113 North Middleton Avenue, Oak Island, NC 28465.

17.　　Wallace lived primarily in the home located at 4213 Briarhill Drive, Charlotte, NC 28215. The remaining three properties were investment properties from which Wallace received rental income.

18.　　Bynum's mother, Barbara Bynum, was a tenant of Wallace's at the Downs Avenue property and it was by virtue of that relationship that Bynum became acquainted with Wallace.

19.　　Additionally, Wallace owned three parcels of real property in Lancaster, South Carolina which included a mobile home park with trailers that she rented to tenants (the "Wallace Mobile Home Park").

20.　　Upon information and belief, Wallace began suffering from dementia in or about 2012. As of the date of this filing, available medical records notate a dementia diagnosis no later than April 2, 2015. At all times relevant hereto, Wallace was incompetent and lived with Morgan.

21.　　On March 20, 2016, a Membership Application and Account Card was submitted to FFCU to change and update the beneficiary designations on Wallace's accounts to designate Bynum as the new beneficiary for all accounts and certificates of deposit (the "Account Card"). A true and accurate copy of the Account Card is incorporated herein by reference and attached hereto as Exhibit D.

22.　　The Account Card identifies Bynum as Wallace's "grandson" and is purportedly signed by Wallace and Bynum as owners, but Bynum's name is stricken through (possibly because he was not an owner of that account). Bynum and Wallace are of no relation; to wit: Wallace was of European descent and did not have any offspring by virtue of any interracial relationships and, upon information and belief, was not adopted by Wallace or Morgan.

3

23. Nonetheless, the Account Card requests that Bynum be given ATM Card or Visa Debit Card access to Wallace's savings, checking, and money market plus accounts. Bynum is also identified as an "existing member" of FFCU, indicating he holds one or more accounts there.

24. Beginning in at least February 2016 through May 9, 2017, automatic teller machine ("ATM") withdrawals of $500 from each of Wallace's checking accounts at FFCU and First Citizens were regularly made, resulting in $1,000 being withdrawn on an almost daily basis. Once the checking account balances were depleted and $500 withdrawals could no longer be made, online transfers of large amounts were made from Wallace's money market account into her checking accounts. Thereafter, the ATM withdrawals resumed.

25. The dates upon which withdrawals were made from Wallace's accounts included days during which she was hospitalized and could not have made them herself.

26. Surveillance video footage from FFCU and First Citizens recorded a disguised African American male making withdrawals from Wallace's accounts at drive-through ATMs either on foot or in a white Mazda van. Bynum owns, or at least at that time did own, a white Mazda van.

27. On May 24, 2017, Bynum caused to be recorded with the Mecklenburg County Register of Deeds a Certificate of Assumed Name for a Sole Proprietorship, Partnership, Limited Partnership ("Certificate of Assumed Name") in which he proposed to engage in business in the name of "TMT Enterprises" and identified himself as the owner of the business. A true and accurate copy of the Certificate of Assumed Name is incorporated herein by reference and attached hereto as Exhibit E.

28. Upon information and belief, at all times relevant hereto, Bynum has not been gainfully employed.

29. On May 11, 2017, and after Wallace's FFCU account was frozen by Order of the Assistant Clerk of Court for Mecklenburg County, three unsuccessful attempts were made to withdraw funds from Wallace's FFCU account at its ATM located at 1210 W. Roosevelt Blvd, Monroe, North Carolina.

30. Upon information and belief, Bynum was the only person with access to Wallace's bank accounts other than herself.

31. Upon information and belief, Bynum deposited funds withdrawn from Wallace's accounts into his own account(s) at FFCU and/or others.

32. Bynum may have also opened accounts at one or more banks under the assumed name of TMT Enterprises and deposited Wallace's funds in those accounts as well.

33. The total amount of cash withdrawals from Wallace's FFCU and First Citizens checking accounts total at least the amount of $164,900.

4

34.     Wallace also had a CapitalOne credit card account with a credit limit of $3,300, a Credit One Bank credit card with a credit limit of $550, and a Merrick Bank credit card with a credit limit of $700. At all times relevant hereto, payments for charges to the credit cards were made online directly from Wallace's checking accounts each month in amounts at or in excess of the credit limits for the cards. On some months, payments in the maximum amount were made multiple times during the month.

35.     The total amount of payments withdrawn from Wallace's checking accounts to satisfy the credit card debts totals $38,583.97.

36.     Upon information and belief, Bynum incurred the debts on Wallace's credit cards for his own use and benefit, not Wallace's, and satisfied the payments using funds from her checking accounts.

37.     Via a North Carolina General Warranty Deed dated November 14, 2016, Wallace purportedly transferred title to real property located in Mecklenburg County, North Carolina with a street address of 1344 Downs Avenue, Charlotte, NC to Bynum (the "Downs Deed"). At the time of the purported conveyance, Wallace was not competent to manage her affairs.

38.     Via a North Carolina General Warranty Deed dated December 5, 2016, Wallace purportedly transferred title to real property located in Mecklenburg County, North Carolina with a street address of 4213 Briarhill Drive, Charlotte, NC 28215 to Morgan and Bynum (the "Briarhill Deed"). At the time of the purported conveyance, Wallace was not competent to manage her affairs.

39.     Via a Quitclaim Deed dated March 9, 2017, Wallace purportedly transferred title to real property located in Mecklenburg County, North Carolina with a street address of 1820 North Brevard Street, Charlotte, NC to Wallace and Bynum (the "North Brevard Deed"). At the time of the purported conveyance, Wallace was not competent to manage her affairs.

40.     Via a North Carolina General Warranty Deed dated April 4, 2017, Wallace purportedly transferred title to real property located in Brunswick County, North Carolina with a street address of 113 North Middleton Avenue, Oak Island, NC 28465 to Bynum (the "North Middleton Deed"). At the time of the purported conveyance, Wallace was not competent to manage her affairs.

41.     Bynum drafted all four deeds transferring the Real Properties to himself and others.

42.     On May 1, 2017 a Durable Power of Attorney drafted by Bynum (by virtue of which Wallace purportedly appointed him as her attorney-in-fact) was recorded with the Mecklenburg County Register of Deeds (the "Durable Power of Attorney"). A true and accurate copy of the Durable Power of Attorney is incorporated herein by reference and attached hereto as Exhibit F.

43.     Three days later, on May 4, 2017, a Petition for Adjudication of Incompetence and Application for Appointment of Guardian or Limited Guardian and Interim Guardian (the "Petition") was instituted against Wallace, as Respondent, by the Mecklenburg County

Department of Social Services ("DSS") in that matter captioned as: *In the Matter of the Estate of Mildred Mae Wallace*, in the General Court of Justice, Superior Court Division, Before the Clerk, Mecklenburg County, North Carolina, File No. 17-SP-1801. A true and accurate copy of the Petition is incorporated herein by reference and attached hereto as Exhibit G.

44.     That same day, May 4, 2017, the North Brevard Deed was recorded at the Mecklenburg County Register of Deeds at Book 31775, Pages 475-477. A true and accurate copy of the North Brevard Deed is incorporated herein by reference and attached hereto as Exhibit H.

45.     Also that day, May 4, 2017, the Downs Deed was recorded at the Mecklenburg County Register of Deeds at Book 31775, Pages 472-474. A true and accurate copy of the Downs Deed is incorporated herein by reference and attached hereto as Exhibit I.

46.     The following day, May 5, 2017, the Briarhill Deed was recorded at the Mecklenburg County Register of Deeds at Book 31779, Pages 314-316. A true and accurate copy of the Briarhill Deed is incorporated herein by reference and attached hereto as Exhibit J.

47.     On May 11, 2017, the North Middleton Deed was recorded at the Brunswick County Register of Deeds at Book 3906, Pages 60-63. A true and accurate copy of the North Middleton Deed is incorporated herein by reference and attached hereto as Exhibit K.

48.     The North Brevard Deed, Downs Deed, Briarhill Deed, and North Middleton Deed are referred to collectively herein as the "Real Property Deeds".

49.     In sum, over the course of one week after DSS filed the Petition and before any adjudication was made as to Wallace's incompetence, Bynum caused each of the four Real Property Deeds to be recorded in Mecklenburg and Brunswick Counties.

50.     No money was conveyed by Bynum to Wallace for any of the Real Property Deeds and none of the Real Property Deeds reflect any consideration being paid.

51.     On May 18, 2017, an Order on Motion for Appointment of Interim Guardian was entered in which the Mecklenburg County Clerk of Superior Court found there was reasonable cause to believe Wallace was in a condition that constituted or appeared to constitute imminent or foreseeable risk of harm to her well being and there was or reasonably appeared to be an imminent or foreseeable risk of harm to her estate.

52.     During the May 18, 2017 hearing, Bynum testified under oath, *inter alia*:

    a.   that he assisted Wallace with her financial affairs and that she trusted him to do so;

    b.   that, because she trusted him to assist with her financial affairs in the past, he should be allowed to continue doing so;

6

c.  that the Durable Power of Attorney she executed (seventeen (17) days prior) was valid and gave him the authority to manage her financial affairs;

d.  that Wallace instructed him to use her money for Morgan's support and maintenance because Morgan was unable to manage his own affairs; and

e.  denied any knowledge of Wallace's FFCU account until being confronted with the Account Card, at which time he relented and claimed he believed Wallace previously closed that account.

53.  On June 14, 2017, a final Order on Petition for Adjudication of Incompetence was entered by the Mecklenburg Clerk of Court in which it was adjudged that Wallace was incompetent and that a guardian be appointed.

54.  During the June 14, 2017 hearing, Bynum testified under oath, *inter alia*:

a.  that he assisted Wallace with her affairs at her request;

b.  that he was imprisoned in a federal penitentiary for securities fraud and bank fraud and the bank fraud involved writing checks from someone else's account;

c.  that while he did not pay Wallace for the Real Properties, he "inadvertently" paid for them by performing repairs and cutting the grass at the North Brevard Street property;

d.  that Wallace gifted the Downs Avenue property to him;

e.  that Wallace transferred title to the Briarhill Drive property into his and Morgan's names to ensure Morgan would have a place to live;

f.  that Wallace gifted the North Middleton property to him and he is collecting rent from tenants as its owner;

g.  that he collected $500 in rent from Robert Pegram, a tenant at the Wallace Mobile Home Park; and

h.  admitted he prepared the Account Card form at Wallace's home and that he already had his own account at FFCU.

55.  Upon information and belief, Bynum converted money belonging to Wallace without her authorization or approval or through undue influence or duress. Such funds include monies from Wallace's FFCU and First Citizens bank accounts and rental payments received from tenants on various real estate parcels Wallace owned. The money was taken by Bynum from Wallace's accounts and rental properties while Wallace was not competent to manage her affairs in an amount in excess of $25,000.

56. In addition to her other assets, Wallace owned two annuities with SBL, bearing Contract Nos. 7003224538 and 7003226075, each having a value as of December 17, 2017 of $51,997.74 and $136,995.54, respectively (the "SBL Contracts").

57. Upon information and belief, Bynum caused the beneficiary designations to be altered or changed on the SBL Contracts such that he was to become the recipient of those funds.

58. Upon information and belief, while Wallace was alive, Bynum collected rents at the Wallace Mobile Home Park and kept the funds for himself.

59. After Wallace's death, Bynum fabricated a letter dated March 1, 2018 purportedly from Morgan (which discloses it was actually drafted by Bynum) in which he instructed all tenants of the Wallace Mobile Home Park to render all rent payments to him and no one else, including Administratrix. A true and accurate copy of that correspondence is incorporated herein by reference and attached hereto as Exhibit L.

60. After Wallace's death, rental income from the Wallace Mobile Home Park belonged to the Estate and/or Morgan.

61. Upon information and belief, Bynum kept some or all rent payments he received from tenants of the Wallace Mobile Home Park.

62. At the time of her death, Wallace owned a 2005 Chevrolet Trailblazer LS truck (the "Trailblazer").

63. During Wallace's final hearing on the adjudication of incompetence, on June 14, 2017, Morgan testified that, when he and Bynum returned from the interim hearing on May 18, 2017, the Trailblazer was missing.

64. On October 24, 2017 (i.e., six (6) days after Wallace's death), the North Carolina Department of Transportation, License and Theft Bureau sent a letter informing Wallace that Eastway Wrecker Service had the Trailblazer in its possession. A true and accurate copy of that correspondence is incorporated herein by reference and attached hereto as Exhibit M.

65. On October 27, 2017, Administratrix contacted Eastway Wrecker Service and was informed the Trailblazer was released to Bynum after he produced the Durable Power of Attorney and fraudulently indicated he was entitled to its possession. The handwritten notations on Exhibit M are those of Administratrix.

66. Bynum did not have any legal right or authority to retrieve the Trailblazer because (1) the Durable Power of Attorney was invalid; (2) even if not invalid, it otherwise would have terminated upon Wallace's death; and (3) even if Wallace had not deceased, it was revoked upon Order of the Clerk of Court of Mecklenburg County on May 18, 2017. A true and accurate copy of the Order Revoking Power of Attorney is incorporated herein by reference and attached hereto as Exhibit N.

8

67. The whereabouts of the Trailblazer are currently unknown as Bynum has not returned it to its rightful owner.

### FIRST CAUSE OF ACTION
### (Conversion)

68. Paragraphs 1 through 67 above are hereby realleged and incorporated herein by reference.

69. Bynum exercised and assumed the right of ownership over bank account funds, rental income, and the Trailblazer belonging to the Estate and/or Morgan.

70. Bynum's assumption and exercise of ownership over the bank account funds, rental income, and the Trailblazer was unauthorized by Wallace as an incompetent adult or, after her death, the Estate and/or Wallace.

71. The bank account funds, rental income, and the Trailblazer belong to the Estate and/or Morgan.

72. Bynum assumed and exercised the right of ownership over the bank account funds, rental income, and the Trailblazer to the exclusion of the Estate and/or Morgan.

73. By virtue of the foregoing, Plaintiffs are entitled to have and recover from Bynum damages in excess of $203,483.97 and such other actual, consequential, and incidental damages occasioned by Bynum's wrongful conduct including, but not limited to, interest thereon and court costs.

### SECOND CAUSE OF ACTION
### (Unjust Enrichment)

74. Paragraphs 1 through 73 above are hereby realleged and incorporated herein by reference.

75. A measurable benefit was conferred upon Bynum in obtaining the bank account funds, rental income, and the Trailblazer.

76. Bynum consciously accepted that benefit.

77. The benefit conferred was not done officiously or gratuitously.

78. By virtue the foregoing, Plaintiffs are entitled to have and recover from Bynum damages in excess of $203,483.97 and such other actual, consequential, and incidental damages occasioned by Bynum's wrongful conduct including, but not limited to, interest thereon and court costs.

## THIRD CAUSE OF ACTION
### (Fraud/Fraudulent Inducement)

79.   Paragraphs 1 through 78 above are hereby realleged and incorporated herein by reference.

80.   Upon information and belief, Bynum made false representations and/or material concealments of fact to Wallace at the time she signed the Real Property Deeds and regarding their true nature, if she in fact executed the Real Property Deeds.

81.   Upon information and belief, Bynum's false representations and/or concealments of material fact regarding the Real Property Deeds was calculated to deceive Wallace.

82.   Upon information and belief, the false representations and/or concealments of material fact were made by Bynum with the intent to deceive Wallace.

83.   Upon information and belief, Wallace was, in fact, deceived by the false representations and/or concealments of material fact made by Bynum.

84.   Upon information and belief, Wallace's reliance on the false representations and/or concealments of material fact was reasonable.

85.   By virtue of the foregoing, Plaintiffs are entitled to have the Real Property Deeds set aside, stricken from the chain of title, and recover such other actual, consequential, and incidental damages occasioned by Bynum's fraudulent conduct, together with punitive damages, attorneys' fees, interest thereon, and court costs.

## FOURTH CAUSE OF ACTION
### (Intrinsic Fraud)

86.   Paragraphs 1 through 85 above are hereby realleged and incorporated herein by reference.

87.   Bynum's mowing grass in exchange for executing and/or delivering the Real Property Deeds was grossly inadequate under the circumstances.   Specifically, to a reasonable person under similar circumstances, the conveyance of four parcels of real property in exchange for lawn care shocks the conscience.

88.   By virtue of the foregoing, Plaintiffs are entitled to have the Real Property Deeds set aside, stricken from the chain of title, and recover such other actual, consequential, and incidental damages occasioned by Bynum's fraudulent conduct, together with punitive damages, attorneys' fees, interest thereon, and court costs.

## FIFTH CAUSE OF ACTION
### (Lack of Capacity)

89.     Paragraphs 1 through 88 above are hereby realleged and incorporated herein by reference.

90.     Upon information and belief, Wallace did not possess sufficient mental capacity to execute and/or deliver the Real Property Deeds and change of beneficiary forms for the SBL Contracts.

91.     Upon information and belief, Wallace did not know either (1) what she was conveying, (2) the person to whom she was conveying it, (3) the purpose for which the conveyance was being made, and/or (4) the nature, scope, and/or consequences of her act.

92.     By virtue of the foregoing, Plaintiffs are entitled to have the Real Property Deeds and change of beneficiary forms for the SBL Contracts set aside, stricken from the chain of title, and recover such other actual, consequential, and incidental damages occasioned by Bynum's wrongful conduct, together with interest thereon and court costs.

## SIXTH CAUSE OF ACTION
### (Undue Influence)

93.     Paragraphs 1 through 92 above are hereby realleged and incorporated herein by reference.

94.     To the extent Wallace executed the Real Property Deeds and change of beneficiary forms for the SBL Contracts, her professed act was not her own, but was in fact the act of a person exerting undue influence, namely Bynum.  As evidence of the same, upon information and belief:

    a.  at the time of the execution of the Real Property Deeds and change of beneficiary forms for the SBL Contracts, Wallace was of advanced age, mentally incompetent, suffered from various ailments and illnesses including alcoholism and lymphoma, and depended on her relationships with family members for her necessary care;

    b.  Bynum had a high degree of influence over Wallace to cause her to execute and deliver the Real Property Deeds and change of beneficiary forms for the SBL Contracts;

    c.  at the time the Real Property Deeds and change of beneficiary forms for the SBL Contracts were executed, Wallace had limited or no access to or opportunity to have independent advice regarding their execution;

    d.  conveyance of the Real Properties and change of beneficiary forms for the SBL Contracts was fundamentally unfair;

e. the value of the Real Properties and SBL contracts provided by Wallace were a significant portion of her total net worth;

f. execution and delivery of the Real Property Deeds and change of beneficiary forms for the SBL Contracts was sought and solicited exclusively by Bynum; and

g. Wallace was highly susceptible to pressure and coercion by reason of her personal distress and/or mental infirmity.

95.     By virtue of the foregoing, Plaintiffs are entitled to have the Real Property Deeds set aside, stricken from the chain of title, and recover such other actual, consequential, and incidental damages occasioned by Bynum's wrongful conduct, together with interest thereon and court costs. Administratrix is also entitled to have and change of beneficiary forms for the SBL Contracts declared void.

## SEVENTH CAUSE OF ACTION
### (Duress)

96.     Paragraphs 1 through 95 above are hereby realleged and incorporated herein by reference.

97.     Upon information and belief, Bynum used threats or coercion to force Wallace to execute and/or deliver the Real Property Deeds and change of beneficiary forms for the SBL Contracts against her will. As evidence of the same, upon information and belief:

a. at the time of the execution of the Real Property Deeds and change of beneficiary forms for the SBL Contracts, Wallace was of advanced age, mentally incompetent, suffered from various ailments and illnesses including alcoholism and lymphoma, and depended on her relationships with family members for her necessary care;

b. Bynum had a high degree of influence over Wallace to cause her to execute and deliver the Real Property Deeds and change of beneficiary forms for the SBL Contracts;

c. at the time the Real Property Deeds and change of beneficiary forms for the SBL Contracts were executed, Wallace had limited or no access to or opportunity to have independent advice regarding their execution;

d. conveyance of the Real Properties and change of beneficiary forms for the SBL Contracts was fundamentally unfair;

e. the value of the Real Properties and SBL contracts provided by Wallace were a significant portion of her total net worth;

12

f.  execution and delivery of the Real Property Deeds and change of beneficiary forms for the SBL Contracts was sought and solicited exclusively by Bynum; and

g.  Wallace was highly susceptible to pressure and coercion by reason of her personal distress and/or mental infirmity.

98.  By virtue of the foregoing, Plaintiffs are entitled to have the Real Property Deeds set aside, stricken from the chain of title, and recover such other actual, consequential, and incidental damages occasioned by Bynum's wrongful conduct, together with interest thereon and court costs. Administratrix is also entitled to have and change of beneficiary forms for the SBL Contracts declared void.

## EIGHTH CAUSE OF ACTION
### (Declaratory Judgment)

99.  Paragraphs 1 through 98 above are hereby realleged and incorporated herein by reference.

100.  By virtue of the foregoing, the Real Property Deeds should be declared void pursuant to N.C. Gen. Stat. § 1-253, *et seq.*, and costs should be awarded to Plaintiffs.

101.  By virtue of the foregoing, that the USA Lien be declared to not be a cloud on title to any of the Real Properties pursuant to N.C. Gen. Stat. § 1-253, *et seq.*, and costs should be awarded to Plaintiffs.

102.  By virtue of the forgoing, any changes in the designation of beneficiaries in the SBL Contracts should be declared void pursuant to N.C. Gen. Stat. § 1-253, *et seq.*, and costs should be awarded to Plaintiffs.

## NINTH CAUSE OF ACTION
### (Unfair and Deceptive Trade Practices)

103.  Paragraphs 1 through 102 above are hereby realleged and incorporated herein by reference.

104.  Bynum committed an unfair or deceptive act or practice in his collection, acquisition, and mismanagement of the rental funds owed to Wallace, Morgan, and/or the Estate.

105.  Bynum's actions were in and/or affecting commerce in that he falsely identified himself as Wallace and Morgan's agent and secured the rents through fraudulent means and methods.

106.  Bynum's wrongful conduct proximately caused injury to Wallace, Morgan, and/or the Estate.

107.     By virtue of the foregoing, Plaintiffs are entitled to have a recover of Bynum treble damages and such other actual, consequential, and incidental damages occasioned by his wrongful conduct including, but not limited thereto, attorneys' fees, interest thereon, and court costs.

## TENTH CAUSE OF ACTION
### (Constructive Trust)

108.     Paragraphs 1 through 107 above are hereby realleged and incorporated herein by reference.

109.     By virtue of the foregoing, Plaintiffs are entitled to have a constructive trust placed on the Real Properties and all other assets and proceeds held by Bynum from the bank accounts and rents (as well as all assets purchased, converted, etc. from those funds), and recover such other actual, consequential, and incidental damages occasioned by Bynum's wrongful conduct, together with interest thereon and court costs.

110.     By virtue of the foregoing, a constructive trust has been formed and imposed upon the Real Properties in favor of Wallace's intestate heir as beneficiary.

111.     By virtue of the foregoing, a constructive trust has been formed and imposed on all other assets and proceeds held by Bynum from the bank accounts and rents (as well as all assets purchased, converted, etc. from those funds).

112.     By virtue of the foregoing, that Bynum be declared by this Court to be an involuntary trustee of a constructive trust upon the Real Properties in favor of Wallace's intestate heir as beneficiary.

113.     By virtue of the foregoing, that Bynum be declared by this Court to be an involuntary trustee of a constructive trust upon all other assets and proceeds held by Bynum from the bank accounts and rents (as well as all assets purchased, converted, etc. from those funds).

WHEREFORE, Plaintiffs pray for the following relief:

1.     That this Court quiet title to the Real Properties, pursuant to N.C. Gen. Stat. § 41-10, and declare the Real Property Deeds nullities and strike them from the chain of title;

2.     That this Court declare the Real Property Deeds void pursuant to N.C. Gen. Stat. § 1-253, *et seq.*;

3.     That this Court declare any changes in the beneficiaries of the SBL Contracts void pursuant to N.C. Gen. Stat. § 1-253, *et seq.*;

4.     That this Court place the Real Properties in constructive trust through its equitable powers;

14

5. That Plaintiffs recover actual, consequential, and incidental damages in excess of $203,483.97 from Bynum;

6. That Plaintiffs be awarded treble damages and the costs of this action against Bynum pursuant to Chapter 75 of the North Carolina General Statutes;

7. That Plaintiffs be awarded punitive damages for Bynum's fraudulent conduct pursuant to N.C. Gen. Stat. § 1D-15;

8. That Plaintiffs recover their reasonable attorney's fees from Bynum;

9. That the USA Lien not attach to the Real Properties;

10. That the cost of this action be taxed against Bynum;

11. For a jury trial on all issues so triable; and

12. For such other and further relief as this court deems just and proper.

This __25rd__ day of July, 2018.


Trey Lindley, N.C. Bar No. 31650
Satie Munn, N.C. Bar No. 47971
Ryan McIntyre, N.C. Bar No. 50868
LINDLEY LAW, PLLC
326 West 10th Street
Charlotte, NC 28202
T: (704) 457-1010
F: (704) 457-1002
tlindley@lindleylawoffice.com
smunn@lindleylawoffice.com
rmcintyre@lindleylawoffice.com
*Counsel for Plaintiffs*

15

# STATE OF NORTH CAROLINA

File No.

17-E-3516

MECKLENBURG _____ County

In The General Court Of Justice
Superior Court Division
Before the Clerk

## IN THE MATTER OF THE ESTATE OF:

Name

MILDRED MAE WALLACE
DOD: 10-18-2017

# LETTERS

OF ADMINISTRATION

G.S. 28A-6-1; 28A-6-3; 28A-11-1; 36C-2-209

The Court in the exercise of its jurisdiction of the probate of wills and the administration of estates, and upon application of the fiduciary, has adjudged legally sufficient the qualification of the fiduciary named below and orders that Letters be issued in the above estate.

The fiduciary is fully authorized by the laws of North Carolina to receive and administer all of the assets belonging to the estate, and these Letters are issued to attest to that authority and to certify that it is now in full force and effect.

Witness my hand and the Seal of the Superior Court.

| Name And Address Of Fiduciary 1 | Date Of Qualification |
|---|---|
| SHERRY ECONOMOS AKA SHARON HORTON ECONOMOS<br>123 CHARLOTTE STREET<br>HOLDEN BEACH, NC 28462 | 10/27/2017 |
| | Clerk Of Superior Court |
| Title Of Fiduciary 1 | ELISA CHINN-GARY |
| ADMINISTRATRIX | EX OFFICIO JUDGE OF PROBATE |
| Name And Address Of Fiduciary 2 | Date Of Issuance |
| | 07/13/2018 |
| | Signature |
| Title Of Fiduciary 2 | *Muriel L. Holloman* |
| | [X] Deputy CSC  [ ] Assistant CSC  [ ] Clerk Of Superior Court |

**NOTE:** *This letter is not valid without the official seal of the Clerk of Superior Court.*

AOC-E-403, Rev. 7/06
© 2006 Administrative Office of the Courts


EXHIBIT
A

# STATE OF NORTH CAROLINA

_____MECKLENBURG_____ County

In The General Court Of Justice
Superior Court Division
Before the Clerk

| IN THE MATTER OF THE ESTATE OF: | |
|---|---|
| *Name Of Ward*<br>MILDRED MAE WALLACE | **LETTERS OF APPOINTMENT<br>GUARDIAN OF THE ESTATE** |

[X] *Incompetent Person*  [ ] *Minor*

G.S. 35A-1203, -1206, -1251; 34-2.1

The Court in the exercise of its jurisdiction for the appointment of guardians of incompetent persons and minors, and upon proper application, has appointed the person(s) named below as Guardian(s) of the Estate of the ward named above and has ordered that these Letters Of Appointment be issued.

The guardian of the estate is fully authorized and entitled under the laws of North Carolina to receive, manage and administer the property, estate and business affairs of the ward.

These Letters are issued to attest to that authority and to certify that it is now in full force and effect.

Witness my hand and the Seal of the Superior Court.

| *Name And Address Of Guardian 1 Of The Estate*<br>R. MICHAEL ALLEN<br>7257 PINEVILLE-MATTHEWS ROAD<br>SUITE 2100<br>CHARLOTTE          NC     28226 | *Date Of Qualification*<br>06-14-2017 |
|---|---|
| | *Clerk Of Superior Court*<br>ELISA CHINN-GARY |
| | **EX OFFICIO JUDGE OF PROBATE** |
| *Name And Address Of Guardian 2 Of The Estate* | *Date Of Issuance*<br>06-14-2017 |
| | *Signature* |
| | [X] *Deputy CSC*  [ ] *Assistant CSC*  [ ] *Clerk Of Superior Court* |

**SEAL**

**NOTE:** *This letter is not valid without the official seal of the Clerk of Superior Court.*

**EXHIBIT**
B

08 M 6412

08-101

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA  11: 09
CHARLOTTE DIVISION  MECKLENBURG COUNTY, C.S.C.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. DNCW3:07CR52 |
| | ) | (Financial Litigation Unit) |
| | ) | |
| vs. | ) | **NOTICE OF LIEN FOR FINE AND/OR** |
| | ) | **RESTITUTION IMPOSED PURSUANT** |
| | ) | **THE ANTI-TERRORISM AND EFFECTIVE** |
| TICO JERMAINE BYNUM, | ) | **DEATH PENALTY ACT OF 1966** |
| aka/DEAN M. JONES, TOMMY PHILLIPS | ) | |

The United States of America, by and through its attorney, Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, hereby gives **notice** of a lien against the property of the defendant named above. Pursuant to 18 U.S.C. §3613(c), a fine or an order of restitution imposed pursuant to the provisions of subchapter C of chapter 227 is a lien in favor of the United States and upon **all** property belonging to the person fined or ordered to pay restitution. Pursuant to §3613(d) a notice of lien shall be considered a notice of lien for taxes for the purposes of any State or local law providing for the filing of the tax lien. The lien arises at the time of the entry of judgment and continues until the liability is satisfied, remitted, or set aside, or until it becomes unenforceable pursuant to §3613(b).

| | | | |
|---|---|---|---|
| Residence: | 1356 Downs Avenue, | | |
| | Charlotte, NC 28205 | | |
| Place of Filing: | Mecklenburg | Amount of Lien: | $213,424.65 |
| Date of Judgment: | April 1, 2008 | Rate of Interest: | 0% |
| Date of Entry of Judgment: | April 4, 2008 | | |
| Court Imposing Judgment: | U.S. District Court, Western District of North Carolina | | |

If payment becomes past due, possible penalties totaling 25 percent of the principal amount past due may arise pursuant to 18 U.S.C. §3612(g).

**IMPORTANT RELEASE INFORMATION**: With respect to the lien listed above, this notice shall operate as a certificate of release pursuant to 18 U.S.C. §3613(b) by operation of law, but no later than 04/01/2035.

NOTARY
PUBLIC

SWORN TO AND SUBSCRIBED before me
this the 12th day of May, 2008.

NOTARY PUBLIC

My Commission Expires: 6/24/2008

_____ County, North Carolina

GRETCHEN C.F. SHAPPERT
UNITED STATES ATTORNEY

JENNIFER A. YOUNGS
ASSISTANT UNITED STATES ATTORNEY
NCSB# 23925
227 West Trade Street, Suite 1650
Charlotte, NC 28202
(704)344-6222 or (866)371-7736 toll-free

EXHIBIT
C

Comments: Update Beneficiary

## FOUNDERS FEDERAL CREDIT UNION — Membership Application and Account Card

☐ New  ☒ Change _____

| Date: | Account Number: 139089-27 | SSN or TIN: 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 | Date of Birth: 11-20-1931 | Branch: |

Full Name: MILDRED M WALLACE
State: DL #/Other ID: 011457895
Issue Date: 02-02-2016
Expiration Date: 02-02-2021
Place of Issue: S.C.

Fiduciary Name (Name2 Field):

Address: 9464 CADDELL Rd.
City: FORT MILL
State: SC.  Zip: 29707

Address: (if different from above)
Email Address:
Home Phone: (803)514-8215
Cell Phone: same

Employer:
Street Address of Employer:
Work Phone:

City:
State: Zip:
Position:

Are you a U.S. citizen or resident alien: ☒ Yes  ☐ No  If you selected "No" you will need to provide W-8 BEN Form.
Date Received W-8 BEN:  Foreign TIN:  Tax Country:

### Membership Eligibility: Please check one and fill in required information

☐ I am eligible through an underserved area  ☐ Live  ☐ Work/Volunteer  ☐ Worship  ☐ Attend School

☐ I am eligible for credit union membership through my employer/volunteer

☐ I am eligible through a membership of association/group

☒ I am eligible through a family member/same household  Name: TICO BYNUM  Relationship: existing member

### Accounts Requested:
Indicate which accounts are joint by writing joint owner's name below selected account.

☒ Savings (Required $5 Minimum)
Joint Owner: _____  Joint Owner: _____
Joint Owner: _____  Joint Owner: _____

☒ Checking
Joint Owner: _____  Joint Owner: _____
Joint Owner: _____  Joint Owner: _____

☒ Money Market Plus ($1,000 Minimum)
Joint Owner: _____  Joint Owner: _____
Joint Owner: _____  Joint Owner: _____

☐ Christmas Club
Joint Owner: _____  Joint Owner: _____
Joint Owner: _____  Joint Owner: _____

☐ Other
Joint Owner: _____  Joint Owner: _____
Joint Owner: _____  Joint Owner: _____

### Services Requested:

☒ ATM Card or Visa Debit Card
☐ Call-24 Account Access by Phone
  ☐ Call-24 Cross Account
☐ Payroll Deduction/Direct Deposit
☐ Credit Card
  (see addendum for disclosure table)
☐ Overdraft Protection
  Select Options:
  ☐ Savings Account
  ☐ Money Market Plus
  ☐ Personal Line of Credit
  ☐ Home Equity*
  ☐ Other

☐ Joint  ☐ Trustee  ☐ Authorized Signers  ☐ Cust/UGMA  ☐ Rep Payee  ☐ Personal Rep  ☐ Conservator/Guardian
☐ VA Legal Custodian  ☐ VA Spouse Payee  ☐ Other

| Name: | Name: |
| Address: | Address: |
| Phone: DOB: | Phone: DOB: |
| SSN/TIN: | SSN/TIN: |
| Drivers License #/Other ID: | Drivers License #/Other ID: |
| Issue Date: Expiration Date: Place of Issue: | Issue Date: Expiration Date: Place of Issue: |

| Name: | Name: |
| Address: | Address: |
| Phone: DOB: | Phone: DOB: |
| SSN/TIN: | SSN/TIN: |
| Drivers License #/Other ID: | Drivers License #/Other ID: |
| Issue Date: Expiration Date: Place of Issue: | Issue Date: Expiration Date: Place of Issue: |

Rev 12/14

EXHIBIT D

Beneficiary(ies) complete only if POD (Payable on Death) not for IRA or other retirement plans

| Name:<br>TICO BYNUM<br>Address:<br>1356 DOWNS Ave.<br>Charlotte NC. 28205 | Relationship:<br>GrandSon<br>Date of Birth:<br>02-11-1972<br>SSN or TIN:<br>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 | Designated Suffix:<br>Upon Death All Accounts<br>and CDs |
|---|---|---|
| Name:<br><br>Address: | Relationship:<br><br>Date of Birth:<br><br>SSN or TIN: | Designated Suffix: |
| Name:<br><br>Address: | Relationship:<br><br>Date of Birth:<br><br>SSN or TIN: | Designated Suffix: |

I hereby make application for membership and agree to conform to the Bylaws, as may be amended, of Founders Federal Credit Union ("Credit Union"). I certify that I am within the field of membership of this Credit Union; the signature(s) on this card apply to all accounts designated above and all information provided is true and correct. I also acknowledge that I have received and agree to be bound to the terms and conditions on this card and in the Accounts & Services of the Credit Union booklet, Truth-in-Savings Act Rate and Fee Schedule, and any Special Account or other separate Account Service Applications or agreements as amended from time to time, which are incorporated herein by reference. All present and future deposits to the account(s) designated above secure payment of any account owner's obligations to the Credit Union. Checks will be printed using the names and driver's license numbers of all joint owners and the address and home phone number of the Primary Member as they appear on the application. The singular includes the plural as applicable herein. The Internal Revenue Service (IRS) does not require the applicant's consent to any provision of this document other than the certification required to avoid backup withholding. ACCOUNT OWNERSHIP: The owners intend to and do hereby create a joint tenancy with rights of survivorship; and specifically agree to the terms set forth in the Membership Application Agreement including but not limited to the Credit Union's rights to pay or transfer any deposits by the order of any owner to accept a pledge of all sums deposited now or in the future from any owner, and to enforce any legal or contractual lien rights as to any owner's obligations. For your protection, all new account applications are verified by Equifax. TRANSACTIONS TO/FROM ANY ACCOUNTS MAY BE LIMITED UNTIL ID VERIFICATION OF ALL APPLICABLE PERSONS IS COMPLETED.

AUTHORIZED SIGNATURES OF ALL OWNERS

| _Mildred M. Wallace_ 3-20-2016 | | |
|---|---|---|
| Signature 1 | Date | Signature 3 | Date |

| _Tico Bynum_ 3-20-2016 | | |
|---|---|---|
| Signature 2 | Date | Signature 4 | Date |

FEDERAL TAXPAYER IDENTIFICATION AND BACKUP WITHHOLDING INFORMATION:
For U.S. Citizens and Resident Aliens: In addition to my agreement with the Credit Union, by signing this Account Card, I certify under the penalties of perjury that: (1) The Taxpayer Identification Number (TIN) or Social Security Number (SSN) provided is my/the correct TIN/SSN (or that I am waiting for a number to be issued); (2) I am NOT subject to backup withholding either because: (a) I am exempt, (b) I have not been notified by the IRS that I am subject to backup withholding, or (c) The IRS has notified me that I am no longer subject to backup withholding; and (3) I am a U.S. person (including a U.S. resident alien).

[ ] Check this box if you have received IRS notification that you ARE subject to back-up withholding.

For All Others: The Form W-8 BEN provided with this Account Card, which is incorporated herein by reference, sets forth my certification. Backup withholding applies unless every account owner provides an appropriate Form W-8, or any owner who has not established status provides a TIN.

| I understand I am notarizing the above numbered signatures of owners. Check all that apply 1._____ 2._____ 3._____ 4._____ |
|---|
| STATE OF _____ COUNTY OF _____ |
| Sworn to and subscribed before me this _____ day of _____ |
| Notary Public _____ (seal) _____ |

| CREDIT UNION USE ONLY    Date Approved: _____ | SSR/Membership Officer: KZR |
|---|---|
| Additional Approval Signature _____ | |

Rev 12/14

FOR REGISTRATION
Fredrick Smith
REGISTER OF DEEDS
Mecklenburg County, NC
2017 MAY 24 11:19:27 AM
BK:31823 PG:716-716
FEE:$26.00
INSTRUMENT # 2017068191

JONESAW



2017068191



RETURNED TO CUSTOMER

## CERTIFICATE OF ASSUMED NAME FOR A SOLE PROPRIETORSHIP, PARTNERSHIP, LIMITED PARTNERSHIP

The undersigned, proposing to engage in business in ___Mecklenburg___ County, North Carolina under an assumed name or a partnership name, do hereby certify that:

1.    The name under which the business is to be conducted is:

       T M T   ENTERPRISES
       **(Insert assumed or partnership name)**

2.    The names and addresses of all the owners of the business are:

       Tico Bynum   1348 Downs Ave. Charlotte NC. 28205

       **(Insert name and address of each owner)**

In witness whereof, this certificate is signed by each of the owners of said business, this ___24___ day of ___May___, 20 ___17___.

_Tico Bynum_ _____ (seal)

_____ (seal)

_____ (seal)

State of ___North Carolina___
County of ___Mecklenburg___

I, _Bryan Henry_____, a Notary Public, do hereby certify that on this ___24th___ day of ___May___, 20 ___17___, personally appeared before me _Tico Bynum_____

who are all signers of the forgoing instrument, and each acknowledged the due execution thereof.

Witness my hand and official seal, this the ___24th___ day of ___May___, 20 ___17___.

_Bry Hey_____
**Notary Public**

My Commission Expires: _August 18, 2020_

(Affix Notary Seal)

BRYAN HENRY
Notary Public, North Carolina
Mecklenburg County
My Commission Expires
August 18, 2020

EXHIBIT
E

State of North Carolina

County of Mecklenburg

# DURABLE POWER OF ATTORNEY

of

## MILDRED MAE WALLACE

I, MILDRED MAE WALLACE, of the City of Charlotte, Mecklenburg County, State of North Carolina, appoint TICO BYNUM as my Attorney-in-Fact for me pursuant to the North Carolina General Statutes, and give such person full power to act in my name in any way which I could act for myself with respect to the following matters.

### I. EFFECTIVENESS OF APPOINTMENT

This power of attorney shall not be affected by my subsequent incapacity or mental incompetence. This durable power of attorney shall become effective only after the occurrence of at least one (1) of the following events:

A) I become mentally incompetent as certified in writing by two (2) physicians duly licensed to practice medicine. Such certification shall state to my Attorney-in-Fact that mental incompetence has deprived me of the ability to properly handle my own affairs; or

B) I instruct my Attorney-in-Fact in writing to act; or

C) An event occurs during a period of time when I cannot be communicated with by normal means of communication and my Attorney-in-Fact reasonably believes that action should be taken under this Durable Power of Attorney prior to such time as I might be able to act personally or prior to such time when I could give specific directions to act.

### II. POWERS

My Attorney-in-Fact shall have full power and authority in my name and stead to do all the things I might do for myself, intending hereby to give my Attorney-in-Fact the fullest and broadest powers, including but not limited to, the power and authority:

1. Property: To deal with all property and property matters in which I may be involved in any way, whether such property is real or personal, and whether actually titled in my name or not, to transfer any property to any Trust created by me or for my benefit, and to execute bills of sale, security instruments, deeds, affidavits, deeds of trust, any and all other instruments by which such property may be held, transferred or encumbered, as my Attorney-in-Fact shall deem proper. This

Page 1 of 5


EXHIBIT
F

power specifically includes the power to make gifts of my real property and of my personal property to charity, individuals other than the Attorney-in-Fact, and to the Attorney-in-Fact;

2. Banking: To deal with any and all bank accounts of every kind in which I may have any interest, whether such accounts are in my name or not; to make deposits and withdrawals, to open or close such accounts, and generally to deal with such bank accounts in any and every way which I might if personally present;

3. Negotiable Instruments: To deal with any and all negotiable instruments of any kind, to endorse, deposit, transfer, collect, sue upon, compromise in either amount or interest rate, to utilize the proceeds therefrom as my Attorney-in-Fact may deem fit, and otherwise to deal with such instruments in any and every way which I might if personally present;

4. Insurance: To deal with all insurance matters, including but not limited to, homeowners and renter's insurance, life insurance, medical insurance, and disability insurance, in which I have an interest, to include, without in any way limiting the generality of this paragraph, filing proofs of claim, making claims, filing civil actions to collect amounts due, giving receipts for payments made, procuring new or additional insurance for me and designating the beneficiary of any such new insurance, and utilizing any amounts paid. Specific authority is given to my Attorney-in-Fact to execute releases and acquittances on my behalf to any such insurance company;

5. Collecting: To act on my behalf in collecting money, services, or other matters and things of value which may be due and owed to me, and in connection therewith to enter suit, if my Attorney-in-Fact deems such action necessary and advisable, and to give receipts and acquittances on my behalf in connection with any such money, services, or other matters and things of value to which I may be entitled. Specific authority is given to my Attorney-in-Fact to receive such amounts, services, or other matters and things on my behalf, and all persons dealing with my Attorney-in-Fact may do so without any duty to determine what disposition is made of anything given to my Attorney-in-Fact;

6. Securities: To deal with any and all securities, including but not limited to, stocks and bonds; to exercise all rights in connection therewith, including all voting rights; and to receive on my behalf any and all moneys, dividends, or other things of value in connection therewith;

7. Taxes: To make, execute, and affirm as true (to the extent that my Attorney-in-Fact is able to determine the truth of the matters contained therein) any and all tax returns, listings, and reports of every kind to any government or authority to which such returns, listings, or reports are due, and to pay any and all taxes which may be due;

8. Medical: To arrange for, purchase, and pay for any and all medicines, drugs, medical treatment and hospitalization for me, with my own funds or assets. If I have executed a valid Health Care Power of Attorney then the portions of this Paragraph 8 which are superseded by my Health Care Power of Attorney shall be void and all decision-making regarding my medical care shall be made by the person acting under the authority of my Health Care Power of Attorney;

9. Standard of Living: To purchase on my behalf, with my funds or assets, such medicines, clothes, food, and other necessary items which I may need, to do all acts necessary to maintain my

Page 2 of 5

customary standard of living, to continue whatever provisions I've made for myself with respect to automobiles or other means of transportation, to continue whatever charge accounts I have operated for my convenience, to continue the discharge of any services or duties assumed by me, to continue payments incidental to my membership or affiliation in any church, club, or other organization, or to continue contributions thereto;

10. Borrowing: To borrow in my name such money as may be needed to carry out any of the duties conferred on my Attorney-in-Fact, and to pledge or mortgage any property belonging to me to secure such loans. Persons dealing with my Attorney-in-Fact shall not be required to make any inquiry into the necessity of such loans, or into the disposition of the proceeds thereof;

11. Safe Deposit Box: To enter any safe deposit box in any bank which may be in my name, or in my name jointly with another, whether or not my Attorney-in-Fact has been authorized to do so on any forms or signature cards supplied by said bank, and to remove any and all items contained in such safe deposit box;

12. Settlement: To settle any and all disputed matters, either by accepting less on my behalf than originally demanded, or by paying more on my behalf than originally offered, and to give and accept releases and acquittances in connection therewith;

13. Estates: To deal with all estate matters of every kind in which I may have any interest, to request, receive and possess all legacies, bequests, devises as are owned by or due to me, and to take all lawful means in my name for the collection and recovery thereof, and to execute and deliver for me, all endorsements, releases, receipts or other sufficient discharges for the same, and generally to deal with such estate transactions in any and every way which I might if personally present;

14. Social Security, Etc.: To act on my behalf in all matters related to Social Security, Medicare, Unemployment, and any pension or profit sharing plan in which I may be a participant or have any interest whatsoever, and all other like benefits;

15. Gifts: To make gifts of any of my property to any charity or individual other than the Attorney-in-Fact in accordance with my personal history of making or joining in the making of gifts or donations, and to make gifts to the Attorney-in-Fact named in this Durable Power of Attorney or the estate of said Attorney-in-Fact. I specifically authorize my Attorney-in-Fact to make gifts of my real property to herself and to others as she chooses;

16. Legal: To commence or otherwise deal with all legal matters of every kind in which I may have an interest or may be involved in any and every way which I might if personally involved;

17. Employment of Agents: To employ agents such as legal counsel, accountants or other professional representation as may be appropriate and to grant such agents such powers of attorney or other appropriate authorization as may be required in connection with such representation or by the Internal Revenue Service or other governmental authority.

## III. CONSTRUCTION

This document is intended to be a General Durable Power of Attorney and the general authority of my Attorney-in-Fact to act on my behalf in any and all matters and things shall in no

Page 3 of 5

way be limited or diminished by the specific provisions contained herein. Further, whenever my Attorney-in-Fact is given discretion in any matter, such discretion shall not be subject to review. Any individual, insurer, bank, governmental agency or any other third party may deal with my Attorney-in-Fact in the same manner and to the same extent and with the same effect as he or she could with me personally.

## IV. SUBSTITUTION

If TICO BYNUM is unwilling or unable to serve or continue to serve as my Attorney-in-Fact, I appoint CHARLIE MORGAN as my substitute Attorney-in-Fact. If neither TICO BYNUM nor CHARLIE MORGAN is willing or able to serve or continue to serve as my Attorney-in-Fact then TICO BYNUM or CHARLIE MORGAN who is last serving may designate a substitute Attorney-in-Fact by appropriate written instrument duly executed, acknowledged and recorded in the Office of the Register of Deeds for the County in which this Durable Power of Attorney shall be registered, and may revoke such designation of a substitute Attorney-in-Fact. My substitute Attorney-in-Fact shall have the same powers as my originally-named Attorney-in-Fact.

## V. GUARDIANSHIP

If it becomes necessary for a court to appoint a guardian of my person, I nominate my Attorney-in-Fact acting under this document to be the guardian of my person, to serve without bond or security.

## VI. ACCOUNTS

It shall not be necessary for my Attorney-in-Fact to render any inventories or accounting to the Clerk of the Superior Court of the County in which this Durable Power of Attorney shall be registered or to any court or judicial authority. An accounting shall be made to me in any year in which my Attorney-in-Fact acted on my behalf, and with my Executor in the year of my death.

## VII. REGISTRATION

This my Durable Power of Attorney shall be registered in the Office of the Register of Deeds for Mecklenburg County, State of North Carolina at such time as registration becomes necessary because of my incapacity or mental incompetence or for any other reason. Except insofar as the North Carolina General Statutes may require registration of this Durable Power of Attorney upon my incapacity or mental incompetence, it shall not be necessary for my Attorney-in-Fact to register this Durable Power of Attorney prior to exercising the powers hereunder.

## VIII. BOND

My Attorney-in-Fact shall serve without bond and shall serve without pay or commission.

## IX. RATIFICATION

I ratify and affirm all actions that my Attorney-in-Fact has heretofore undertaken or shall do for me in my name.

## X. REVOCATION

I retain the power to revoke this Durable Power of Attorney by filing the appropriate revocation instrument with the Office of the Register Deeds for Mecklenburg County where I registered this Durable Power of Attorney. If I have not yet registered this Durable Power of

Page 4 of 5

Attorney then I retain the power to revoke this instrument by destroying it with the intent and purpose of revoking it or by executing a new Power of Attorney. This Durable Power of Attorney shall be revoked by my death.

I hereby revoke all Powers of Attorney for Financial Management heretofore executed by me. This Durable Power of Attorney is intended to deal with my financial affairs and expressly does not revoke any health care or similar power of attorney executed by me.

IN WITNESS WHEREOF, I have hereunder set my hand and seal, this the _10_ day of January, 2017.

_Mildred M. Wallace_ (SEAL)
MILDRED MAE WALLACE

State of North Carolina

County of _Mecklenburg_

I, the undersigned Notary Public, hereby certify that MILDRED MAE WALLACE appeared before me and swore to me that this instrument is her Durable Power of Attorney, and that she had willingly and voluntarily made and executed it as her free act and deed for the purpose expressed in it. This is the _10_ day of January, 2017.

_Muriel R. Woodard_
Notary Public

_Muriel R. Woodard_
(print name)

My Commission expires:

MURIEL R. WOODARD
NOTARY PUBLIC
MECKLENBURG COUNTY
NORTH CAROLINA
MY COMMISSION EXPIRES 11/6/2021

Page 5 of 5

17 S O O I 8 O I

# STATE OF NORTH CAROLINA

_____Mecklenburg_____ County

FILED

2017 MAY -4 P 3:30

MECKLENBURG COUNTY

BY_____

**File No.**

In The General Court Of Justice
Superior Court Division
Before The Clerk

**NOTE TO PETITIONER:** _If you are petitioning the court to accept guardianship on transfer from another state, this is not an appropriate form to use._

### IN THE MATTER OF:

**Full Name Of Respondent**
Mildred Mae Wallace

**Address Of Respondent**
4213 Briarhill Drive
Charlotte, NC 28215

**PETITION FOR ADJUDICATION OF INCOMPETENCE AND APPLICATION FOR APPOINTMENT OF GUARDIAN OR LIMITED GUARDIAN**
☐ **AND INTERIM GUARDIAN**

G.S. 35A-1105, -1112, -1114, -1210; 35B-17, -18

| County Of Residence Of Respondent | Date Of Birth |
|---|---|
| Mecklenburg | 11/20/1931 |

| ☐ Respondent Indigent | Respondent's Drivers License No. | State |
|---|---|---|

**Name And Address Of Petitioner**
Mecklenburg County Department of Social Services (DSS)
by Tienna Luong
301 Billingsley Road
Charlotte, NC 28211

| County Of Residence Of Petitioner | Telephone No. Of Petitioner |
|---|---|
| Mecklenburg | 980-314-6963 |

**Petitioner's Relationship To Respondent Or Interest In Proceeding**
Disinterested Public Agency

**Name And Address Of Attorney For Petitioner**
Laurie S. Gallagher, Associate County Attorney
Mecklenburg County DSS
301 Billingsley Road
Charlotte, NC 28211

| Telephone No. Of Petitioner's Attorney | State Bar No. |
|---|---|
| 980-314-6831 | 38624 |

**Name And Address Of Treatment Facility If Respondent Is An Inpatient**
Carolinas Medical Center - Main
1000 Blythe Blvd
Charlotte, NC 28203
10th Floor

The undersigned, being duly sworn, requests that the Court, after notice and hearing, adjudicate the respondent above to be incompetent, and also applies for the appointment of the person(s) named below to serve, in the capacity indicated, as guardian(s) of the respondent.

In support of this Petition, the undersigned states:

1. During the past twelve (12) months, the above-named respondent was physically present as follows:

| Period of Physical Presence _(include up to the 12 months prior to the filing date of the petition; do not list periods of temporary absence)_ | | Address |
|---|---|---|
| **From** | **To** | |
| 1950 | Present | 4213 Briarhill Drive, Charlotte, NC 28215 |

2. (check a. or check and complete b.) (NOTE: In both a. and b., "state" includes a state of the United States, the District of Columbia, Puerto Rico, the United States Virgin Islands, a federally recognized Indian tribe, or any territory or insular possession subject to the jurisdiction of the United States.)

☒ a. There is no other pending proceeding involving the respondent in any court or agency of a state or foreign country.

☐ b. There is a pending proceeding(s) involving the respondent in the court or agency of a state or foreign country, as set forth below:

| Location (County, State, and Country) | Type of Proceeding | File Number |
|---|---|---|
| | | |
| | | |
| | | |

3. A North Carolina court has jurisdiction to rule on this petition and application.

4. The respondent is

☒ a resident of this county.

☐ domiciled in this county.

☐ an inpatient in the facility named above.

☐ present in this county, it being impossible to determine his/her county of residence or domicile.

WALLACE,MILDRED MAE
CSN: 6407432703 FAC: C
MRN: 0002896916 Adm Date: 4/15/2017
DOB: 11/20/1931 (85 yrs) Female
Att Phy: 99901 CMC MEDICINE G CONS*

AOC-SP-200, Rev. 12/16
© 2016 Administrative Office of the Courts

(Over)

**EXHIBIT**
**G**

5. The respondent is incompetent in that he/she lacks sufficient capacity to manage his/her own affairs or to make or communicate important decisions concerning his/her person, family, or property, as shown by the following facts: *(Set forth the facts which tend to show that the respondent is incompetent. Include cause of incompetence, which may be mental illness, mental retardation, epilepsy, cerebral palsy, autism, inebriety, senility, disease, injury, or other cause and give facts demonstrating lack of capacity. Be specific.)*

Respondent is an 85 year old Caucasian woman who is currently at CMC - Main. She was brought in by EMS on 4/15/17 after being found running down the street with blood coming down her arm. Respondent was admitted with concern for elder abuse and unknown alcohol use. She is diagnosed with dementia and lymphoma. The dementia has been noted since 2015 in medical records.

A Neuropsychology Consult was completed on 4/18/17, which states "The pt appears to lack the capacity for complex medical decision-making at this junction. . . she does not currently have the capability to engage in appropriate reasoning concerning independent healthcare decisions that reflect adequate reasoning as it relates to the appreciation of relevant alternatives, risks and benefits, and consequences."

Respondent is alert but disoriented. Respondent is able to communicate and engage in conversations. However, her memory impairment is apparent. She is unable to make informed decisions regarding her person, family, and property. She will need a guardian of person and a guardian of estates appointed.

A POA dated January 10, 2017 has not been properly recorded and this will need to be revoked.

WALLACE,MILDRED MAE
CSN: 6407432703  FAC: C
MRN: 0002896916  Adm Date: 4/15/2017
DOB: 11/20/1931 (85 yrs) Female
Att Phy: 99901 CMC MEDICINE G CONS*

6. The respondent's next of kin, if any, and other persons known to have an interest in this proceeding are:

| Name And Address | Name And Address |
|---|---|
| Charlie Albert Morgan | Janet Dennis |
| 4213 Briarhill Drive | 4306 Colebrook Road |
| Charlotte, NC 28215 | Charlotte, NC 28215 |
| **Telephone No.** 704-563-3359 | **Telephone No.** 704-537-7890 |
| **Relationship To Respondent Or Interest In Proceeding** Son | **Relationship To Respondent Or Interest In Proceeding** niece-in-law |
| Name And Address | Name And Address |
| Sherry Economos | Betty Horton |
| 123 Charlotte Street | 9304 Kings Falls Drive |
| Holden Beach, NC 28462 | Charlotte, NC 28210 |
| **Telephone No.** 704-614-6500 | **Telephone No.** 704-341-9300 |
| **Relationship To Respondent Or Interest In Proceeding** Friend | **Relationship To Respondent Or Interest In Proceeding** Friend |

7. General statement of respondent's assets and liabilities, including any income and receivables to which he/she is entitled:

| Assets | | Liabilities | | Income and Receivables | |
|---|---|---|---|---|---|
| Real Property | $ 600,000.00 | Mortgage Loans | $_____ | Wages & Salaries | $_____ |
| Tangible Personal Property | $ 75,000.00 | Other Secured Loans | $_____ | Rents | $ 1,100.00 |
| Other Personal Property | $_____ | Unsecured Loans | $_____ | Pensions | $ 120.00 |
| | | | | Allowances | $_____ |

There is a representative payee for government benefits. ☐ Yes ☒ No
There is a Durable Power of Attorney in place. ☒ Yes ☐ No
There is a Healthcare Power of Attorney in place. ☐ Yes ☒ No
There is a special needs or other trust in place. ☐ Yes ☒ No

Insurance & Compensation $_____
Other *(including SSI/SSDI)* $ 1,500.00

(Over)

AOC-SP-200, Side Two, Rev. 12/16, © 2016 Administrative Office of the Courts

WALLACE, MILDRED MAE
CSN: 6407432703 FAC: C
MRN: 0002896916 Adm Date: 4/15/2017
DOB: 11/20/1931 (85 yrs) Female
Att Phy: 99901 CMC MEDICINE G CONS*

**IN THE MATTER OF:**

*Name Of Respondent*

Mildred Mae Wallace

## 8. CAPACITY INFORMATION

☐ Check here if in a coma, persistent vegetative state, or non-responsive and move on to Item 9.

A. **Language and Communication** (understands/participates in conversations, can read and write, understands signs such as "keep out," "men," "women")

☐ has capacity. ☒ lacks capacity. Comment: Respondent is able to communicate and engage in basic conversation. Due to memory / cognitive impairment, Respondent is unable to decipher communication related to safety.

B. **Nutrition** (makes independent decisions re: eating, prepares food, purchases food)

☐ has capacity. ☒ lacks capacity. Comment: Respondent is unable to maintain nutritional needs independently.

C. **Personal Hygiene** (bathes, brushes teeth, uses proper hygiene when using the restroom)

☐ has capacity. ☒ lacks capacity. Comment: Respondent requires reminder and assistance with personal hygiene.

D. **Health Care** (makes and communicates choices re: medical treatment/caregivers, notifies others of illness, follows medication instructions, reaches emergency health care)

☐ has capacity. ☒ lacks capacity. Comment: Although Respondent is able to communicate, she is unable to comprehend the pros/cons of medical treatment and health care.

E. **Personal Safety** (recognizes danger and seeks assistance as needed, protects self from exploitation/personal harm)

☐ has capacity. ☒ lacks capacity. Comment: Due to Respondent's cognitive / memory impairment, she is vulnerable of exploitation.

F. **Residential** (makes and communicates decisions re: residence/roommates, maintains safe shelter)

☐ has capacity. ☒ lacks capacity. Comment: Respondent is unable to communicate concrete plan for residential needs.

G. **Employment** (makes and communicates decisions re: employment, demonstrates vocational skills such as neatness and punctuality, writes or dictates application form)

☐ has capacity. ☒ lacks capacity. Comment: Respondent is unable to work at this time.

H. **Independent Living** (follows a daily schedule, conducts housekeeping chores, uses community resources such as bank, store, post office)

☐ has capacity. ☒ lacks capacity. Comment: Due to Respondent's memory impairment, she is unable to live independently.

I. **Civil** (knows to contact advocate if being exploited, understands consequences of committing a crime, registers to vote)

☐ has capacity. ☒ lacks capacity. Comment: Respondent is unable to advocate for herself or engage in civil activities.

J. **Financial**

1. Makes and communicates decisions about paying bills and spending discretionary money, and makes change for $1, $5, and $20

☐ has capacity. ☒ lacks capacity. Comment: Respondent may be able to spend small amount of money but cannot pay her bills independently.

2. Makes and communicates decisions regarding management of a personal bank account, savings, investments, real estate, and other substantial assets

☐ has capacity. ☒ lacks capacity. Comment: Respondent is unable to make, communicate, or provide information regarding her finances.

3. Can resist attempts at financial exploitation by others

☐ has capacity. ☒ lacks capacity. Comment: Respondent is vulnerable for financial exploitation.

(Over)

AOC-SP-200, Page Two, Rev. 12/16, © 2016 Administrative Office of the Courts

| 9. RECOMMENDED GUARDIAN(S) | |
|---|---|
| *Name And Address Of Recommended Guardian*<br>Sherry Economos<br>123 Charlotte Street<br>Holden Beach, NC 28462 | *Name And Address Of Recommended Guardian* |
| ☐ Of The Estate  ☒ Of The Person  ☐ General Guardian | ☐ Of The Estate  ☐ Of The Person  ☐ General Guardian |

## 10. MOTION FOR APPOINTMENT OF INTERIM GUARDIAN

NOTE: *Do not complete unless an emergency requires immediate intervention. Do not complete if basis for the petition is special jurisdiction as set forth in G.S. 35B-18. Interim guardian appointment is not available in cases of special jurisdiction.*

☐ The petitioner also moves that the Court appoint an interim guardian because there is reasonable cause, as shown by the following facts, to believe that the respondent is incompetent and needs an interim guardian to intervene on his/her behalf prior to the adjudication hearing in that:

*(Check all that apply)*

☐ he/she is in a condition that constitutes or reasonably appears to constitute an imminent or foreseeable risk of harm to his/her physical well-being and requires immediate intervention.

☐ there is or reasonably appears to be an imminent or foreseeable risk of harm to his/her estate that requires immediate intervention in order to protect the respondent's interest.

*(Set forth facts, in addition to those above, which demonstrate need for immediate intervention. Be specific.)*

## VERIFICATION

I, the undersigned petitioner, have read this Petition and state that its contents are true to my own knowledge except those matters stated on information and belief, which I believe are true.

| SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME | *Date* 5-2-2017 |
|---|---|
| *Date* 5-2-17  *Signature Of Person Authorized To Administer Oaths*<br>☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | *Signature Of Petitioner* |
| *Date My Commission Expires* 5/5/21<br>*County Where Notarized* Mecklenburg | |

PATRICK L. RITT<br>NOTARY PUBLIC<br>GAS-... COUNTY NC

WALLACE,MILDRED MAE<br>CSN: 6407432703 FAC: C<br>MRN: 0002896916 Adm Date: 4/15/2017<br>DOB: 11/20/1931 (85 yrs) Female<br>Att Phy: 99901 CMC MEDICINE G CONS*

Case 3:21-cv-00037   Document 1-4   Filed 01/22/21   Page 32 of 48

3. ADDITIONAL NEXT OF KIN / INTERESTED PARTIES

| Name And Address | Name And Address |
|---|---|
| Tico Jermaine Bynum<br>1356 Downs Avenue<br>Charlotte, NC 28205 | |
| Telephone No.<br>704-333-7979 | Telephone No. |
| Relationship To Respondent Or Interest In Proceeding<br>Friend | Relationship To Respondent Or Interest In Proceeding |
| Name And Address | Name And Address |
| Telephone No. | Telephone No. |
| Relationship To Respondent Or Interest In Proceeding | Relationship To Respondent Or Interest In Proceeding |

WALLACE,MILDRED MAE
CSN: 6407432703  FAC: C
MRN: 0002896916  Adm Date: 4/15/2017
DOB: 11/20/1931 (85 yrs) Female
Att Phy: 99901 CMC MEDICINE G CONS*

FOR REGISTRATION
Fredrick Smith
REGISTER OF DEEDS
Mecklenburg County, NC
2017 MAY 04 01:04:10 PM
BK:31775 PG:475-477
FEE:$51.00
INSTRUMENT # 2017058681

PHETSL



2017058681

Returned to customer

**Recording Cover Page**
*Must be typed or printed clearly in black ink only.*

EXCISE TAX
~~$5,000.00~~ 0 %.

## QUITCLAIM DEED

### Document Title
*Must appear exactly as the first page of the document to be recorded*

### Prepared By:

Name: MR. BYNUM

Address: 1356 DOWNS AVE

City/State/Zip: CHARLOTTE N.C. 28205

### After Recording, Mail To:

Name: MR BYNUM

Address: 1356 DOWNS AVE

City/State/Zip: CHARLOTTE N.C. 28205

*Cover sheets may be used for documents that do not conform to North Carolina document recording standards. Submitters may use this cover sheet or prepare their own. If using this cover sheet, submitters assume responsibility for its completion and all liability for the content and information provided.*

EXHIBIT
H

Parcel ID: 08304427

# QUITCLAIM DEED

**THIS QUITCLAIM DEED**, executed this    9    day of     March    , 20 17,

by first party, Grantor,     MILDRED M. WALLACE

whose post office address is   4213 Briarhill Drive

to second party, Grantee,   Mildred M. Wallace & Tico Bynum

whose post office address is    4213 Briarhill Drive    Charlotte NC. 28215

**WITNESSETH**, That the said first party, for good consideration and for the sum of      Five Thousand     Dollars ($ 5,000.oo    ) paid by the said second party, the receipt whereof is hereby acknowledged, does hereby remise, release and quitclaim unto the said second party forever, all the right, title, interest and claim which the said first party has in and to the following described parcel of land, and improvements and appurtenances thereto in the County of     MECKLENBURG    , State of   NORTH CAROLINA    to wit:

BEING all of Lot #3 in Block 2 as shown on the map of the property of the Pegram-Wadsworth Land Company recorded in the Mecklenburg County Public Registry in Map Book 230, page 1, to which map reference is hereby made. 083-044-27 Parcel ID
Said lot fronting 50 feet on the westerly side of North Brevard Street and extending back with that width 180 feet to the line of a 10 foot alley. 1820 North Brevard Street
Being also the same property conveyed to Mildred M. Wallace, single by H. B. Whitley and wife, Virginia P. Whitley by deed dated September 9, 1955 and duly recorded in the office of the Register of Deeds for Mecklenburg County in Book 1769, page 202.

This is the same property described in Book 1250, page 68 Mecklenburg County Public Registry. Conveyed to H. W. Alexander and wife, Annie Alexander.

And being in all respects the same property Conveyed to H. B. Whitley and wife, Virginia P. Whitley by deed recorded in Office of Register of Deeds for Mecklenburg County in Book 654, page 269.

**IN WITNESS WHEREOF,** The said first party has signed and sealed these presents the day and year first above written. Signed, sealed and delivered in presence of.

Charlie A morga

Signature of Witness

Charlie A Morgan

Print name of Witness

_____

Signature of Witness

_____

Print name of Witness

*Mildred M. Wallace*

Signature of First Party

*Mildred M. WALLACE*

Print name of First Party

*Mildred M. Wallace*    *Tico J. Bynum*

Signature of Second Parties

*Mildred M. WALLACE*    *TICO J. BYNUM*

Print name of Second Parties

State of North Carolina }
County of Mecklenburg }

On March 9, 2017 before me, Tanisha Spears
appeared Mildred M Wallace
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. WITNESS my hand and official seal.

_____
Signature of Notary

> Tanisha Spears
> Notary Public
> County of Mecklenburg
> State of North Carolina
> My Commission Expires October 13, 2021

Affiant _____ Known __✓__ Produced ID
Type of ID N.C. I.D. ▓▓▓▓
(Seal)

State of North Carolina }
County of Mecklenburg }

On March 9, 2017 before me, Tanisha Spears
appeared Tico J Bynum
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. WITNESS my hand and official seal.

_____
Signature of Notary

Affiant _____ Known __✓__ Produced ID
Type of ID N.C. I.D. ▓▓▓▓
(Seal)

*Tico J. Bynum*

Signature of Preparer

*TICO J. BYNUM*

Print Name of Preparer

1356 DOWNS AVE

Address of Preparer

Page 2

FOR REGISTRATION
Fredrick Smith
REGISTER OF DEEDS
Mecklenburg County, NC
2017 MAY 04 01:04:10 PM
BK:31775 PG:472-474
FEE:$26.00
INSTRUMENT # 2017058680

PHETSL

2017058680

## Recording Cover Page

*Must be typed or printed clearly in black ink only.*

Returned to customer

## NORTH CAROLINA GENERAL WARRANTY DEED

**Document Title**

*Must appear exactly as the first page of the document to be recorded*

### Prepared By:

Name: _MR, BYNUM_

Address: _1356 DOWNS AVE_

City/State/Zip: _CHARLOTTE N.C. 28205_

### After Recording, Mail To:

Name: _MR, BYNUM_

Address: _1356 POWNS AVE,_

City/State/Zip: _CHARLOTTE N.C. 28205_

*Cover sheets may be used for documents that do not conform to North Carolina document recording standards. Submitters may use this cover sheet or prepare their own. If using this cover sheet, submitters assume responsibility for its completion and all liability for the content and information provided.*

EXHIBIT
I

B31775 - P473

# NORTH CAROLINA GENERAL WARRANTY DEED

Excise Tax: *0*

Parcel ID: 093-092-17

Brief Description For The Index:

| Davis Park |
| L-13  B-6  Book  3-293 |

THIS DEED made this __14__ day of _____November_____, 2016, by and between,

## GRANTOR
**MILDRED M. WALLACE**
4213 Briarhill Drive
Charlotte, NC 28215

## GRANTEE
**TICO J. BYNUM**
1356 Downs Avenue
Charlotte, NC 28205

*The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.*

WITNESSETH that the Grantor, for love and affection and as a gift the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple; all that certain lot or parcel of land situated in the City of Charlotte, Mecklenburg County, North Carolina and more particularly described as follows:

BEING all of Lot 13, Block 6, as shown on map of Davis Park recorded in Map Book 3, page 293, Mecklenburg Public Registry.

BEING the same property conveyed to V. L. Lipe and wife, Lillie H. Lipe, by deed dated September 22, 1936, and recorded in Book 876 page 359, Mecklenburg Public Registry.

BEING the same property devised to Mildred L. Mullis and Lorean L. Bottoms by Will of Lillie Houser Lipe. Reference is made to Estate File No. 88-E-1623 in the Office of the Clerk of Superior Court for Mecklenburg County, North Carolina.

The property herinabove described was acquired by Grantor by instrument recorded in Book 5814 page 200 of the Mecklenburg Public Registry.

TO HAVE AND TO HOLD the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple.

And the Grantor covenants with the Grantee that the Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever except for the following exceptions hereinafter stated. Title to the property hereinabove described is subject to the following exceptions:

1- Ad valorem taxes for the current year.

2- Restrictions, easements and rights-of-way of record.

IN WITNESS WHEREOF, the Grantor has hereunto set his hand and seal, the day and year first above written.

*mildred M Wallace* (Grantor)          *Vanesl Sp* (SEAL)
Type of ID NC ID

*Tico J. Bynum* (Grantee)          *Vanel Sp* (SEAL)
Type of ID NC DL

STATE OF North Carolina , COUNTY OF Mecklenburg

Tico J. Bynum
and

I, a Notary Public for said County and State, do hereby certify that Mildred M. Wallace personally appeared before me this day and acknowledged the due execution of the foregoing and attached Warranty Deed.

WITNESS my hand and notarial seal, this the 14 day of NOV (month) 2016 (year).

> Tanisha Spears
> Notary Public
> County of Mecklenburg
> State of North Carolina
> My Commission Expires October 13, 2021

My Commission Expires: _____

*Vanel Sp* Notary Public

FOR REGISTRATION
Fredrick Smith
REGISTER OF DEEDS
Mecklenburg County, NC
2017 MAY 05 01:05:21 PM
BK:31779 PG:314-316
FEE:$26.00
INSTRUMENT # 2017059369

JONESAU

2017059369

RETURNED TO CUSTOMER



Recording Cover Page
*Must be typed or printed clearly in black ink only.*

NORTH CAROLINA GENERAL WARRANTY DEED

### Document Title
*Must appear exactly as the first page of the document to be recorded*

### Prepared By:

Name: _____ MR. BYNUM _____

Address: _____ 4213 BRIARHILL DRIVE _____

City/State/Zip: _____ CHARLOTTE, NC 28215 _____

### After Recording, Mail To:

Name: _____ CHARLIE A. MORGAN _____

Address: _____ 4213 BRIARHILL DRIVE _____

City/State/Zip: _____ CHARLOTTE, NC 28215 _____

*Cover sheets may be used for documents that do not conform to North Carolina document recording standards.*
*Submitters may use this cover sheet or prepare their own. If using this cover sheet, submitters assume*
*responsibility for its completion and all liability for the content and information provided.*

3

EXHIBIT
J

# NORTH CAROLINA GENERAL WARRANTY DEED

Excise Tax: 0

Parcel ID: **099-165-16**

Brief Description For The Index:

| L-11   B-C     Book 2369-177 |
|---|

THIS DEED made this __5__ day of __December__ 2016, by and between,

## GRANTOR
**MILDRED M. WALLACE**
**(single)**
4213 Briarhill Drive
Charlotte, NC 28215

## GRANTEE
**CHARLIE ALBERT MORGAN**
4213 Briarhill Drive
Charlotte, NC 28215

~and~
**TICO J. BYNUM**
1356 Downs Aveune
Charlotte, NC 28205

*The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.*

WITNESSETH All right, title, claim and interest of the aforesaid Party of the First Part in and to that certain tract or parcel of land lying and being in the County of Mecklenburg, State of North Carolina in Charlotte Township, and more particularly described, as follows:

BEING all of Lot 11 in Block C of Oak Forest, Section 5, as same is shown on map thereof recorded in Book 2369 at page 177 in the Mecklenburg Public Registry. Described as 4213 Briarhill Drive, Charlotte, N.C. 28215.

Further being the the same property conveyed to FLOYD MORGAN and Wife MILDRED W. MORGAN by DEED of TRIECE CONSTRUCTION COMPANY INC., dated January 6, 1965 and recorded in the Register of Deeds office for Mecklenburg County, N.C., in Book 2569, at page 200. to have and to hold the aforesaid parcel of land free and discharged from all right title, claim or interest of the said Party of the First Part, or anyone claiming by, through or under him, to which deed reference is herewith made.

**TO HAVE AND TO HOLD** the aforesaid lot or parcel of land and all privileges, and appurtenances thereto belonging to the Grantee in fee simple.

And the Grantor covenants with the Grantee that the Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever except for the following exceptions hereinafter stated. Title to the property hereinabove described is subject to the following exceptions:

1- Ad valorem taxes for the current year,

2- Restrictions, easements and rights-of-way of record.

IN WITNESS WHEREOF, the Grantor has hereunto set his hand and seal, the day and year first above written.

_Mildred M. Wallace_ (Grantor)
Type of ID NC ID 01420356

_Tanisha Spears_ (SEAL)

_Charlie A. Morgan_ (Grantee)
Type of ID NC ID 0093194

_Tanisha Spears_ (SEAL)

and

_Tico J. Bynum_ (Grantee)
Type of ID NCDL 8227315

_Tanisha Spears_ (SEAL)

STATE OF  North  Carolina , COUNTY OF  Mecklenburg

Charlie A. Morgan
Tico J. Bynum

I, a Notary Public for said County and State, do hereby certify that Mildred M. Wallace personally appeared before me this day and acknowledged the due execution of the foregoing and attached Warranty Deed.

WITNESS my hand and notarial seal, this the  5  day of  Dec  (month),  2016  (year).

My Commission Expires:

Tanisha Spears
Notary Public
County of Mecklenburg
State of North Carolina
My Commission Expires October 13, 2021

_____ Notary Public



B3906 P0060 05-11-2017 15:34:16.000
Brunswick County, NC Register of Deeds Brenda M. Clemmons PROP
page 1 of 3

This certifies that there are no delinquent ad valorem taxes, fees, assessments or other liens which the Brunswick County Tax Collector is charged with collecting, that are a lien on: Parcel Number 234EF004 as notated by the Brunswick County Assessor's Office. This is not a certification that the parcel number matches the deed description.

MAY 1 1 2017 [signature]
Date (Asst) Tax Col. / Del. Tax C

Presenter Mr. Bynum. Ret: PS.
Total 20 Rev ____ Int CH
Ck $ ____ Ck # ____ Cash $ 20
Refund: ____ Cash $ ____ Finance ____

☐ Portions of document are illegible due to condition of original.
☐ Document contains seals verified by original instrument that cannot be reproduced or copied.

# NORTH CAROLINA GENERAL WARRANTY DEED

PREPARED BY
MR. BYNUM, TICO

EXHIBIT
K

B3906 P0061 05-11-2017
15:34:16.000
Brunswick County, NC Register of Deeds Brenda M. Clemmons PROP
page 2 of 3

# NORTH CAROLINA GENERAL WARRANTY DEED

Excise Tax: 0          Parcel ID: **234EF004**

Brief Description For The Index:

| L-11 & 12 B-197 S-14 |
| --- |

THIS DEED made this __4__ day of ___April___, 201 7, by and between.

## GRANTOR

**MILDRED M. WALLACE** (Single)
9464 Caddell Drive
Fort Mill, SC 29707

## GRANTEE

**TICO J. BYNUM**
1356 Downs Aveune
Charlotte, NC 28205

*The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.*

WITNESSETH that the Grantor, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple all that certain lot or parcel of land situated in Brunswick County, North Carolina and more particularly decribed as follows:

**BEING** all of Lots 11 and 12 in Block 197, Section XIV: Long Beach (now Oak Island) as per survey by H.M. Loughlin, Registered Surveyor, as per plat of the same duly recorded in Book of Plats 6, Page 34, Brunswick County Registry.

This is the same property described in Book 581, Page 708, Brunswick County Registry. Francis S. Phillips died in Brunswick County, North Carolina, in March 1990, leaving the subject property to Boyd D. Phillips, her surviving spouse.

The property hereinabove decribed was acquired by Grantor by instrument recorded in Book 3096, Page 648 of the Brunswick County Registry.

TO HAVE AND TO HOLD the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple.

And the Grantor covenants with the Grantee that the Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever except for the following exceptions hereinafter stated. Title to the property hereinabove described is subject to the following exceptions:

B3906 P0062 05-11-2017 15:34:16.000
Brunswick County, NC Register of Deeds
Brenda M. Clemmons PROP
page 3 of 3

1- Ad valorem taxes for the current year;

2- Restrictions, easements and rights-of-way of record.

IN WITNESS WHEREOF, the Grantor has hereunto set his hand and seal, the day and year first above written.

_Mildred M. Wallace_ (Grantor)     _Muriel R. Woodard_ (SEAL)
Mildred M. Wallace   SC   ID #                exp 2-2-2021

_Tico J. Bynum_ (Grantee)     _Muriel R. Woodard_ (SEAL)
Tico J. Bynum   NC   DL #
                exp 2-11-2021

STATE OF ___North Carolina___, COUNTY OF ___Mecklenburg___

I, a Notary Public for said County and State, do hereby certify that ___Mildred M. Wallace___ personally appeared before me this day and acknowledged the due execution of the foregoing and attached Warranty Deed.

WITNESS my hand and notarial seal, this the _4_ day of _April_ (month), _2017_ (year).

My Commission Expires: ___

MURIEL R. WOODARD
NOTARY PUBLIC
MECKLENBURG COUNTY
NORTH CAROLINA
MY COMMISSION EXPIRES 11/8/2021

_Muriel R. Woodard_ Notary Public

# WALLACE MOBILE HOME PARK
## Fort Mill, SC. 29707
## (704) 333-7979

March 1, 2018

Current Tenants of Mildred M. Wallace ARE NOW Tenants of Charlie A. Morgan

Re: Rent Owed to Mildred M. Wallace WILL NOW BE PAID TO Charlie A. Morgan

Ladies and Gentlemen :

I am the Appointed Care Taker for Charlie M. Morgan. The now Owner of Property located at 483 Cook Dr. the Garage, Indian Land, SC. I am writing to Advise You that effective Immediately All Rent should be Paid to Charlie A. Morgan only and mailed to 4213 Briarhill Drive Charlotte, NC. 28215.

It is my Responsibility to Manage Mr. Morgan Assets Affairs. No One has the Authority to Collect Any Rent or other Payments from You on behalf of Mr. Morgan Except for Me Mr. Bynum. Specifically, You should not make any Payments to Janet Dennis or Sherry Economos. The Mailing Address to mail payments if not picked-up in person is listed below.

The Current Address for Mr. Morgan is ::     CHARLIE A. MORGAN
                                             c/o Mr. Bynum, Care Taker
                                             4213 Briarhill Drive
                                             Charlotte, NC 28215

       If you have any Questions Please Contact Mr. Bynum at (704) 333-7979
       Thank you for your Cooperration.

Sincerely Yours,
Charlie A. Morgan

EXHIBIT
L

LT-260A (Rev.9/06)

FILE NO: S17-593234 CC1



STATE OF NORTH CAROLINA
## DEPARTMENT OF TRANSPORTATION

ROY COOPER
GOVERNOR

JAMES H. TROGDON
SECRETARY

Tuesday, October 24, 2017

*10/27/17*
*Tiko picked up*
*Showed POA*
*per Eastway Wrecker*

MILDRED MAE WALLACE
9464 CADDELL ROAD
FORT MILL SC 29707-9661

OWNER:
MILDRED WALLACE
4213 BRIARHILL DR
CHARLOTTE NC 28215

File No. S17-593234
VIN:    1GNDS13S152139880          Vehicle: 2005 CHEVROLET

We have received information from the below listed person(s) that the above vehicle was stored.

EASTWAY WRECKER SERVICE
2801 WILKINSON BLVD
CHARLOTTE NC 28208
(704) 393-3027

**If you have not already called for this vehicle, we would suggest that you contact the place of storage to ascertain the condition of your vehicle and the release procedure.**

Thank you for your prompt attention to this matter.

Sincerely,

Michelle Hinton, Business Service Coordinator
License and Theft Bureau

MH:  MAH

313S152139880

NC DIVISION OF MOTOR VEHICLES, LICENSE AND THEFT BUREAU - NOTICE, STORAGE & THEFT UNIT
3132 MAIL SERVICE CENTER, RALEIGH NC 27699-3132 TELEPHONE 919-861-3187
WEBSITE WWW DMV DOT STATE NC US



EXHIBIT
M

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

MECKLENBURG COUNTY
FILED #18

MAY 18 2017

AT_____O'CLOCK_____M
BY_____
CLERK OF SUPERIOR COURT

THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
BEFORE THE CLERK
17-SP-1801

IN THE MATTER OF: )
)
MILDRED MAE WALLACE, )
)
Respondent. )
_____ )

## ORDER REVOKING POWER OF ATTORNEY

THIS CAUSE coming on to be considered and being considered by the undersigned Assistant Clerk of Superior Court, and it appearing to the Court that the Respondent, Mildred Mae Wallace, may have executed a Durable Power of Attorney on January 10, 2017, purportedly naming Tico Bynum to serve as her Attorney-in-Fact after the occurrence of at least one of the events named in Paragraph I of that Durable Power of Attorney, and it further appearing to the Court that it would be in the best interest of the Respondent for the Court to revoke this Durable Power of Attorney and prohibit Tico Bynum from attempting to exercise any of the powers set forth in this Durable Power of Attorney;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Durable Power of Attorney that may have been executed by the Respondent, Mildred Mae Wallace, on January 10, 2017, purportedly naming Tico Bynum to serve as her Attorney-in-Fact after the occurrence of at least one of the events named in Paragraph I of that Durable Power of Attorney, shall be and hereby is revoked and rendered null and void by Order of this Court, and it is further ordered that Tico Bynum shall be and hereby is prohibited from taking any action in an attempt to exercise any of the powers set forth in this Durable Power of Attorney.

May 18, 2017

_____
Assistant Clerk of Superior Court
Mecklenburg County, North Carolina

EXHIBIT
N

# Exhibit E



FOR REGISTRATION
Fredrick Smith
REGISTER OF DEEDS
Mecklenburg County, NC
2019 OCT 29 09:31:00 AM
BK:33985 PG:351-356
FEE:$26.00
INSTRUMENT # 2019145991

TAYLORD

2019145991

## <u>RECORDING COVERSHEET</u>

### CONSENT ORDER AND FINAL JUDGMENT
State of North Carolina, County of Mecklenburg
#18-CVS-14283

### PLAINTIFF

SHARON ECONOMOS, Administratrix of the Estate of Mildred Mae Wallace; and
R. MICHAEL ALLEN, Guardian of the Estate of Charlie Albert Morgan

### DEFENDANT:

TICO JERMAINE BYNUM a/k/a JERMAINE BYNUM a/k/a TICO BYNUM a/k/a
TICO JERMINE BYNUM a/k/a TICO JOSMINE BYNUM a/k/a TICOAINE
BYNUM a/k/a DEAN M. JONES a/k/a TOMMY PHILLIPS d/b/a TIMT
ENTERPRISES; SECURITY BENEFIT LIFE INSURANCE COMPANY and THE
UNITED STATES OF AMERICA

<u>SUBMITTED BY:</u>
LINDLEY LAW, PLLC
326 W. 10TH STREET
CHARLOTTE, NC 28202

<u>RETURN TO:</u>
LINDLEY LAW, PLLC
326 W. 10TH STREET
CHARLOTTE, NC 28202



STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

SHARON ECONOMOS, Administratrix of the
Estate of Mildred Mae Wallace; and R.
MICHAEL ALLEN, Guardian of the Estate of
Charlie Albert Morgan,

    Plaintiffs,

v.

TICO JERMAINE BYNUM a/k/a JERMAINE
BYNUM a/k/a TICO BYNUM a/k/a TICO
JERMINE BYNUM a/k/a TICO JOSMINE
BYNUM a/k/a TICOAINE BYNUM a/k/a
DEAN M. JONES a/k/a TOMMY PHILLIPS
d/b/a TMT ENTERPRISES; SECURITY
BENEFIT LIFE INSURANCE COMPANY;
and THE UNITED STATES OF AMERICA,

    Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
18-CVS-14283

**CONSENT ORDER
AND
FINAL JUDGMENT**



MECKLENBURG COUNTY
**FILED #64**

OCT 0 1 2019

AT_____O'CLOCK____M
BY
CLERK OF SUPERIOR COURT

      THIS CAUSE, coming on for hearing before the undersigned Superior Court Judge
presiding during the October 1, 2019 session of Mecklenburg County Superior Court, upon the
consent of the parties and for good cause shown, this Court makes the following:

### FINDINGS OF FACT

    1.    This cause of action was commenced on July 25, 2018.

    2.    On December 4, 2018, an Order was entered by this Court pursuant to which
Security Benefit Life Insurance Company ("SBL") paid the proceeds of annuities Nos.
7003224538 ($53,079.66) and 7003226075 ($139,900.43) (the "Disputed Proceeds") in the total
amount of $192,980.09 as of October 22, 2018 with interest accruing thereafter at the annual rates
of 3.0% and 3.1%, respectively, to the Clerk of Superior Court of Mecklenburg County.

    3.    Upon deposit of the Disputed Proceeds, SBL was dismissed with prejudice from
the instant action.

    4.    On September 10, 2019, a mediated settlement conference was conducted by and
among Sharon Economos, Administratrix of the Estate of Mildred Mae Wallace
("Administratrix"), R. Michael Allen, Guardian of the Estate of Charlie Albert Morgan
("Guardian"), and Tico Jermaine Bynum ("Bynum").



5.     The United States of America was excused from attending and/or participating in the mediated settlement conference.

6.     A Settlement Agreement and Mutual Release was entered and executed by Administratrix, Guardian, and Bynum by virtue of which all outstanding claims and controversies between them were resolved.

## CONCLUSIONS OF LAW

1.     This Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties.

2.     This matter is properly before this Court and all interested parties consent to the relief ordered herein.

IT IS THEREFORE ORDERED, ADJUDICATED, and DECREEED as follows:

1.     The Quitclaim deed recorded at the Mecklenburg County Register of Deeds Book 31775, Pages 475-477 is hereby declared null and void pursuant to N.C. Gen. Stat. §1-253, *et seq.*

2.     The Register of Deeds of Mecklenburg County shall record this Consent Order and Final Judgment such that it be reflected in the chain of title for that real property located at 1820 North Brevard Street, Charlotte, NC 28206.

3.     The North Carolina General Warranty Deed recorded at the Brunswick County Register of Deeds Book 3906, Pages 60-63 is hereby declared null and void pursuant to N.C. Gen. Stat. §1-253, *et seq.*

4.     The Register of Deeds of Brunswick County shall record this Consent Order and Final Judgment such that it be reflected in the chain of title for that real property located at 113 North Middleton Avenue, Oak Island, NC 28465.

5.     Guardian shall convey Morgan's interest in 4213 Briarhill Drive, Charlotte, NC 28215 to Bynum and Bynum, contemporaneously therewith, shall convey a life estate to Morgan in that same Briarhill property for Morgan's exclusive use and enjoyment.

6.     Within thirty (30) days of this Order, the Clerk of Superior Court of Mecklenburg County shall disburse the Disputed Proceeds as follows:

     a.  $25,000 to Tico Jermaine Bynum c/o Donna Savage, Norelli Savage Law, PLLC, 1340 Harding Place, Charlotte, NC 28204; and

     b.  All remaining funds to R. Michael Allen, Guardian of the Estate of Charlie Albert Morgan, c/o Cranford, Buckley, Schultze, Tomchin, Allen & Buie, P.A., 7257 Pineville-Matthews Road, Suite 2100, Charlotte, NC 28226.

7. The Order of Attachment entered by this Court on July 25, 2018 is hereby dissolved and of no further force and effect.

8. Upon disbursement of the funds held by the Clerk of Court of Mecklenburg County as provided herein, this matter shall be dismissed with prejudice without further order of this Court.

Trey Lindley, N.C. Bar No. 31650
LINDLEY LAW, PLLC
326 West 10th Street
Charlotte, NC 28202
T: (704) 457-1010
F: (704) 457-1002
tlindley@lindleylawoffice.com
*Counsel for Plaintiffs*

Donna Savage, N.C. Bar No.
NORELLI SAVAGE LAW, PLLC
1340 Harding Place
Charlotte, NC 28204
T: (704) 376-5484
F: (704) 376-5485
donna@norellilaw.com
*Counsel for Tico Jermaine Bynum*

James Sullivan, N.C. Bar No. 17811
ASST. UNITED STATES ATTORNEY
Carillon Building, Suite 1650
227 West Trade Street
Charlotte, NC 28202
T: (704) 344-6222
F: (704) 344-6629
James.Sullivan2@usdoj.gov
*Counsel for United States of America*

SO ORDERED this the _____ day of _____, 2019.

_____

Consented to:

_____
Trey Lindley, N.C. Bar No. 31650
LINDLEY LAW, PLLC
326 West 10th Street
Charlotte, NC 28202
T: (704) 457-1010
F: (704) 457-1002
tlindley@lindleylawoffice.com
*Counsel for Plaintiffs*

_____
James Sullivan, N.C. Bar No. 17811
ASST. UNITED STATES ATTORNEY
Carillon Building, Suite 1650
227 West Trade Street
Charlotte, NC 28202
T: (704) 344-6222
F: (704) 344-6629
James.Sullivan2@usdoj.gov
*Counsel for United States of
America*

_____
Donna Savage, N.C. Bar No. 13065
NORELLI SAVAGE LAW, PLLC
1340 Harding Place
Charlotte, NC 28204
T: (704) 376-5484
F: (704) 376-5485
donna@norellilaw.com
*Counsel for Tico Jermaine Bynum*

7.    The Order of Attachment entered by this Court on July 25, 2018 is hereby dissolved and of no further force and effect.

8.    Upon disbursement of the funds held by the Clerk of Court of Mecklenburg County as provided herein, this matter shall be dismissed with prejudice without further order of this Court.

Trey Lindley, N.C. Bar No. 31650
LINDLEY LAW, PLLC
326 West 10th Street
Charlotte, NC 28202
T: (704) 457-1010
F: (704) 457-1002
tlindley@lindleylawoffice.com
*Counsel for Plaintiffs*

Donna Savage, N.C. Bar No.
NORELLI SAVAGE LAW, PLLC
1340 Harding Place
Charlotte, NC 28204
T: (704) 376-5484
F: (704) 376-5485
donna@norellilaw.com
*Counsel for Tico Jermaine Bynum*

James Sullivan, N.C. Bar No. 17811
ASST. UNITED STATES ATTORNEY
Carillon Building, Suite 1650
227 West Trade Street
Charlotte, NC 28202
T: (704) 344-6222
F: (704) 344-6629
James.Sullivan2@usdoj.gov
*Counsel for United States of America*

SO ORDERED this the 1st day of October, 2019.

The Honorable G. Bell
Superior Court Judge, Presiding
Mecklenburg County, North Carolina

Exhibit F

FOR REGISTRATION
Fredrick Smith
REGISTER OF DEEDS
Mecklenburg County, NC
2019 NOV 15 02:30:55 PM
BK:34041 PG:542-546
FEE:$26.00
INSTRUMENT # 2019156298

JONESAW



2019156298

---

**Recording Cover Page**

*Must be typed or printed clearly in black ink only.*

Returned to customer

QUITCLAIM   DEED

**Document Title**

*Must appear exactly as the first page of the document to be recorded*

**Prepared By:**

Name: _____ Mr. Bynum _____

Address: _____ 1356   DOWNS Ave. _____

City/State/Zip: _____ Charlotte   NC.   28205 _____

**After Recording, Mail To:**

Name: _____

Address: _____

City/State/Zip: _____

*Cover sheets may be used for documents that do not conform to North Carolina document recording standards. Submitters may use this cover sheet or prepare their own. If using this cover sheet, submitters assume responsibility for its completion and all liability for the content and information provided.*

# Quitclaim Deed

**RECORDING REQUESTED BY** _____

**AND WHEN RECORDED MAIL TO:**

TICO  J.  BYNUM_____ , Grantee(s)

1356  DOWNS  Ave._____

CHARLOTTE  NC.  28205_____


Consideration: $ " No  Consideration"

Property Transfer Tax: $ _____

Assessor's Parcel No.:  09309217_____

PREPARED BY:  Mr.  BYNUM_____ certifies herein that he or she has prepared this Deed.

_____ _Mr. Byn_____

Signature of Preparer

Date of Preparation
September 20,  2019

_____ _Mr. Bynum_____

Printed Name of Preparer


**THIS QUITCLAIM DEED,** executed on  _September  20 2019_  in the County of

MECKLENBURG_____ , State of  NORTH  CAROLINA_____

by Grantor(s),  Tico  J.  Bynum_____

whose post office address is  1356  Downs  Ave.  Charlotte  NC.  28205_____

to Grantee(s),  Malcolm  J.  Bynum_____

whose post office address is  715  Tom  Hunter  Rd.  Charlotte  NC.  28213_____

**WITNESSETH,** that the said Grantor(s),  Tico  J.  Bynum_____

for good consideration and for the sum of  "No  Consideration"_____

___0._____ ) paid by the said Grantee(s), the receipt whereof is hereby acknowledged,

does hereby remise, release and quitclaim unto the said Grantee(s) forever, all the right, title

interest and claim which the said Grantor(s) have in and to the following described parcel of land, and improvements and appurtenances thereto in the County of  MECKLENBURG

State of  NORTH CAROLINA    and more specifically described as set forth in EXHIBIT "A" to this Quitclaim Deed, which is attached hereto and incorporated herein by reference.

**IN WITNESS WHEREOF,** the said Grantor(s) has signed and sealed these presents the day and year first above written. Signed, sealed and delivered in presence of:

**GRANTOR(S):**

Signature of Grantor

*Tico J. Bynum*

Print Name of Grantor

*TICO J. BYNUM*

Signature of First Witness to Grantor(s)

*Charles Dunn*

Print Name of First Witness to Grantor(s)

*Charles Dunn*

Signature of Second Grantor (if applicable)

Print Name of Second Grantor (if applicable)

Signature of Second Witness to Grantor(s)

Print Name of Second Witness to Grantor(s)

**GRANTEE(S):**

Signature of Grantee

*Malcolm J Bynum*

Print Name of Grantee

*Malcolm J Bynum*

Signature of First Witness to Grantee(s)

*Charles Dunn*

Print Name of First Witness to Grantee(s)

*Charles Dunn*

Signature of Second Grantee (if applicable)

Print Name of Second Grantee (if applicable)

Signature of Second Witness to Grantee(s)

Print Name of Second Witness to Grantee(s)

Quitclaim Deed     , Pg. 2 of 4

## NOTARY ACKNOWLEDGMENT

State of  NORTH CAROLINA

County of  MECKLENBURG

On September 20, 2019 , before me. Tanisha Spears , a notary

public in and for said state, personally appeared, Tico J Bynum

Malcolm J Bynum   Charles Dunn

who are known to me (or proved to me on the basis of satisfactory evidence) to be the persons whose

names are subscribed to the within instrument and acknowledged to me that they executed the same

in their authorized capacities, and that by their signatures on the instrument the persons, or the entity

upon behalf of which the persons acted, executed the instrument.

**WITNESS** my hand and official seal.

_____

Signature of Notary

Affiant Known Tico J Bynum Produced ID Yes

Type of ID NC Drivers License _____ (Seal)

```
Tanisha Spears
Notary Public
County of Mecklenburg
State of North Carolina
My Commission Expires October 13, 2021
```

**Exhibit "A"**

---

WITNESSETH:: That the Grantor, for Devotion and Delight and as a Donation, the Receipt of which is hereby Acknowledged, Has and by these presents does Allocate, Barter, Deal and Transfer unto the Grantee in fee simple, All that certain Lot or Parcel of land situated in Charlotte, Mecklenburg County, North Carolina, and more particularly described as follows::

**BEING** All of **Lot 13, Block 6,** as shown on map of Davis Park recorded in **Map Book 3, Page 293,** Mecklenburg Public Registry of Deeds Office. 1344 Downs Ave. **PARCEL ID# 09309217 LEGAL DESCRIPTION :: L13 B6 M3-293** .

The Property hereinabove described was acquired by Grantor by instrument recorded in Book 5814 Page 200 of the Mecklenburg Public Registry.

TO HAVE AND TO HOLD the aforesaid lot or parcel of land and all Privileges and Appurtenances thereto belonging to the Grantee in fee simple.

And the Grantor Covenants with the Grantee, that Grantor is seized of the Premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever except for the exceptions hereinafter stated.

Title to the property hereinabove described is subject to the following exceptions:

1. Lein of current year property taxes which the Grantee assumes and agrees to pay.

2. Restrictions, easements; and rights of way of record.

---

Quitclaim Deed , Pg. 4 of 4

Exhibit G

FOR REGISTRATION
Fredrick Smith
REGISTER OF DEEDS
Mecklenburg County, NC
2020 DEC 01 01:11:54 PM
BK:35380 PG:89-93
FEE:$26.00
INSTRUMENT # 2020202619

JONESAW



2020202619

## Recording Cover Page

*Must be typed or printed clearly in black ink only.*

# QUITCLAIM   DEED

### Document Title

*Must appear exactly as the first page of the document to be recorded*

### Prepared By:

Name: _____ MR. BYNUM _____

Address: _____ 2320 LUDLOW DR. _____

City/State/Zip: _____ CHARLOTTE  NC.  28216 _____

### After Recording, Mail To:

Name: _____ SAME AS ABOVE _____

Address: _____

City/State/Zip: _____

*Cover sheets may be used for documents that do not conform to North Carolina document recording standards.*
*Submitters may use this cover sheet or prepare their own.*

5

# Quitclaim Deed

**RECORDING REQUESTED BY** _____

**AND WHEN RECORDED MAIL TO:**

Malcolm J. Bynum _____ , Grantee(s)

715 Tom Hunter Rd. _____

Charlotte NC. 28213 _____

Consideration: $ _____ _O_ _____

Property Transfer Tax: $ _____ _O_ _____

Assessor's Parcel No.: 09309217 _____

PREPARED BY: Mr. Bynum _____ certifies herein that he or she has prepared

this Deed.

_____ _Mr. Bynum_ _____          _____

Signature of Preparer                              Date of Preparation : June 10, 2020

_____ _MR. BYNUM_ _____

Printed Name of Preparer

**THIS QUITCLAIM DEED,** executed on __June 10, 2020__ in the County of

Mecklenburg _____ , State of North Carolina _____

by Grantor(s), MALCOLM J. BYNUM _____

whose post office address is 715 TOM HUNTER RD. _____

to Grantee(s), DONALD BYNUM _____

whose post office address is 2320 LUDLOW DR. CHARLOTTE NC. 28216 _____

**WITNESSETH,** that the said Grantor(s), MALCOLM J. BYNUM _____

for good consideration and for the sum of "NO CONSIDERATION" _____

___00___ _____ ) paid by the said Grantee(s), the receipt whereof is hereby acknowledged,

does hereby remise, release and quitclaim unto the said Grantee(s) forever, all the right, title

, Pg. 1 of 4

interest and claim which the said Grantor(s) have in and to the following described parcel of

land, and improvements and appurtenances thereto in the County of  Mecklenburg

State of  North Carolina         and more specifically described as set forth in EXHIBIT "A" to this

Quitclaim Deed, which is attached hereto and incorporated herein by reference.

**IN WITNESS WHEREOF,** the said Grantor(s) has signed and sealed these presents the day and year first
above written. Signed, sealed and delivered in presence of:

**GRANTOR(S):**

Signature of Grantor

_____
Print Name of Grantor

*Malcolm J Bynum*

_____
Signature of First Witness to Grantor(s)

*Teco Bynum*

_____
Print Name of First Witness to Grantor(s)

*TECO BYNUM*

_____
Signature of Second Grantor (if applicable)

_____
Print Name of Second Grantor (if applicable)

_____
Signature of Second Witness to Grantor(s)

_____
Print Name of Second Witness to Grantor(s)

**GRANTEE(S):**

Signature of Grantee

*Donald Bynum*

_____
Print Name of Grantee

*Donald Bynum*

_____
Signature of First Witness to Grantee(s)

*Teco Bynum*

_____
Print Name of First Witness to Grantee(s)

*TECO BYNUM*

_____
Signature of Second Grantee (if applicable)

_____
Print Name of Second Grantee (if applicable)

_____
Signature of Second Witness to Grantee(s)

_____
Print Name of Second Witness to Grantee(s)

## NOTARY ACKNOWLEDGMENT

State of <u>North Carolina</u>

County of <u>Mecklenburg</u>

On <u>June 10, 2020</u>, before me. <u>Tanisha Spears</u>, a notary

public in and for said state, personally appeared, <u>Malcolm J. Bynum</u>
<u>Donald Bynum   Teco Bynum</u>

who are known to me (or proved to me on the basis of satisfactory evidence) to be the persons whose

names are subscribed to the within instrument and acknowledged to me that they executed the same

in their authorized capacities, and that by their signatures on the instrument the persons, or the entity

upon behalf of which the persons acted, executed the instrument.

**WITNESS** my hand and official seal.

<u>Tanisha Spears</u> (signature)
Signature of Notary

Affiant Known <u>Malcolm J. Bynum</u> Produced ID <u>Yes</u>

Type of ID <u>N C Drivers license</u>                (Seal)

```
Tanisha Spears
Notary Public
County of Mecklenburg
State of North Carolina
My Commission Expires October 13, 2021
```

# EXHIBIT "A"

WITNESSETH :: That the Grantor for a Valuable Consideration, Presents and has Bartered, Dealt and Allocated unto the Grantee in Fee Simple, All that Specific Parcel or Lot of Land located in Charlotte Mecklenburg County, North Carolina and more Distinctively Described as follows ::

**BEING** All of **LOT 13, BLOCK 6,** as shown on map of Davis Park recorded in **Map Book 3, Page 293**, Mecklenburg Public Registry of Deeds Office. 1344 Downs Ave. **Legal Description: L13 B6 M3-293 Parcel ID# 09309217**

The Property hereinabove described was Acquired by Grantor by instrument recorded in Book 34041 Page 542 – 546 of the Mecklenburg Public Registry.
To Hold and to Have the aforesaid Lot or Parcel of Land and all Privileges and Appurtenances thereto belonging to the Grantee in Fee Simple.
Also the Grantor Covenants with the Grantee, that Grantor is seized of the Premises in Fee Simple, has the right to convey the same in Fee Simple, that Title is marketable and free and clear of all encumbrances, and that Grantor will Warrant and Defend the Title against the lawful claims of all persons whomsoever except for the exceptions hereinafter stated.
Title to the Property hereinabove described is subject to the following exceptions:
1. Lein of current year property taxes which the Grantee assumes and agrees to Pay.
2. Restrictions, Easements and Rights of way of Record.

, Pg. 4 of 4

# Exhibit H

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

UNITED STATES OF AMERICA,    ) DOCKET NO. 3:20-cr-202-1
                                )
                                )
          vs.               )
                                )
MALCOLM BYNUM,                 )
                                )
          Defendant.     )
_____)

TRANSCRIPT OF ELECTRONICALLY RECORDED
DETENTION AND ARRAIGNMENT HEARING
BEFORE THE HONORABLE DAVID S. CAYER
UNITED STATES MAGISTRATE JUDGE
JULY 2, 2020

APPEARANCES:

On Behalf of the Government:

     JENNY GRUS SUGAR, ESQ.,
     Assistant United States Attorney
     227 West Trade Street, Suite 1700
     Charlotte, North Carolina 28202

On Behalf of the Defendant:

     MARCOS ROBERTS, ESQ.,
     Roberts & Richmond
     728 Central Avenue
     Charlotte, North Carolina 28204

     Proceedings digitally-recorded and stenographically
                 transcribed by:

          LAURA ANDERSEN, RMR
          Official Court Reporter
        United States District Court
         Charlotte, North Carolina

1                        I N D E X
DEFENDANT WITNESS:                              PAGE
2  TICO BYNUM
     Direct Examination By Mr. Roberts          8
3     Cross-Examination By Ms. Sugar            17
                    * * * * * *
4                    E X H I B I T S
GOVERNMENT EXHIBITS:
5  NUMBER                                     ADMITTED
   2 ........................................20
6  3 ........................................20
   4 ........................................22
7  5 ........................................23

8                    * * * * * *

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1       P R O C E E D I N G S

2   THURSDAY, JULY 2, 2020 at 11:49:

3           THE COURT:  United States versus Malcolm Bynum.

4           Mr. Roberts, are you ready to proceed with a

5   detention hearing?

6           MR. ROBERTS:  Yes, we are, Your Honor.

7           THE COURT:  Ms. Sugar, I will hear from the

8   government.

9           MS. SUGAR:  Thank you, Your Honor.

10          The government would concur with the recommendation

11  of pretrial services and believes that detention is

12  appropriate in this case.  There are no condition or

13  combination of conditions which will reasonably assure the

14  appearance of the defendant or the safety of the community.

15          First, with regard to the nature and circumstances

16  of the case, set out pretty clearly in the Indictment, this is

17  a fraud case.  It involves identity stolen by the defendant

18  and his co-conspirators over the internet, used by the

19  defendant to make fake IDs, and used to obtain bank loans, and

20  funds through fraud.

21          While it is a white collar case, I do want to note

22  for the Court, this conduct continued during the pandemic.

23  This is not old conduct but individuals associated with the

24  defendant were texting with him getting this information,

25  getting these ideas during the pandemic and lockdown.  So this

1  devices, there are certainly more than ten victims, the

2  defendant is a leader/organizer, and he has a substantial

3  criminal history.  He is also facing identity theft counts

4  which have a two-year mandatory sentence in addition to the

5  other sentence.

6          Considering all of these factors, and all of the

7  information in the pretrial services report which notes that

8  the defendant has not had any employment of record at all in

9  the last ten years, he purports to be self-employed, but he

10  has been arrested and convicted at least seven times since

11  2011 of fraud offenses.  It is clear from his text messages

12  with his girlfriend whom he lives with, who in those text

13  messages acknowledges that he's out there doing phones and

14  loans, that his job is fraud.  He has no employment.  It's one

15  of the other things we should consider.

16          Looking at this case as a whole, there are no

17  conditions that can be set that will assure his appearance or

18  his being willing to abide by any conditions that -- that will

19  make sure the community remain safe.  Thank you.

20          THE COURT:  Mr. Roberts.

21          MR. ROBERTS:  Thank you, Your Honor.

22          I will have some argument, but I would like to call

23  the defendant's father who is present.

24          THE COURT:  You may.

25          MR. ROBERTS:  Mr. Bynum.

1                TICO BYNUM, DEFENDANT WITNESS, SWORN

2                         DIRECT EXAMINATION

3    BY MR. ROBERTS:

4    Q.    Good morning.

5    A.    Good morning.

6    Q.    Please state your name for the Court.

7    A.    Tico Bynum.

8    Q.    And Mr. Bynum, how are you related to the defendant?

9    A.    I am the father of Malcolm Bynum.

10   Q.    All right.  And do you -- you live here -- where do you

11   live?

12   A.    I live here in Charlotte, North Carolina.

13   Q.    How long have you lived in Charlotte?

14   A.    All my life.  I am a native from Charlotte.

15   Q.    All right.  And what do you do for a living?

16   A.    I do property management and I deliver packages.

17   Q.    Okay.

18   A.    For LazerShip.

19   Q.    Now, regarding Malcolm, how old is he?

20   A.    My son is 27.

21   Q.    And how long has -- does he live in Charlotte?

22   A.    Yes, he does.

23   Q.    How long has he lived in Charlotte?

24   A.    All his life.  He is also a native.

25   Q.    All right.  And now what -- what does Mr -- Malcolm, what

1  his little girl.  And everything he does, you know, you know,

2  he does for her.  You know, he's human.  He's not without

3  mistakes made.  We all are.  But I think, you know, his

4  daughter needs him, and also his family needs him, his fiance

5  needs him.  It goes beyond his daughter, but she especially

6  needs her dad.

7          MR. ROBERTS:  Thank you.  Nothing further.

8          THE COURT:  Ms. Sugar.

9                  CROSS-EXAMINATION

10  BY MS. SUGAR:

11  Q.   Mr. Bynum, you stated that you work in property

12  management; is that right?

13  A.   Yes.

14  Q.   But you're also receiving unemployment income from the NC

15  Department of Commerce Employment Security; is that right?

16  A.    No.  I have not received any unemployment at this time.

17  I am right now out and suffering from piriformis sciatica.  So

18  I have not been able to work or do much of anything.  And, yet

19  again, I have not received any employment.  I have applied for

20  unemployment, but I have not received any unemployment.

21  Q.   So you're familiar with the financial litigation unit at

22  the U.S. Attorney's office; is that right?

23  A.   Yes.

24  Q.   And that's because you currently owe more than $200,000

25  in restitution for two different criminal prosecutions; is

1   that right?

2   A.   Well, one statute of limitations has already expired on

3   that one, so to correct you, it was really only one case

4   currently that I owe restitution for.

5   Q.   So is that -- are you saying that your 1997 trial

6   conviction for conspiracy, bank fraud, and uttering forged and

7   counterfeit securities, has passed the statute of limitations

8   for collection of restitution?

9   A.   From what I have been told on the civil level, yes,

10  sir -- I mean, yes, ma'am.

11  Q.   And then you were also prosecuted in 2007 for conspiracy,

12  uttering forged and counterfeit securities, misuse of a Social

13  Security number, and identity theft; is that right?

14  A.   Yes.

15  Q.   And you were sentenced to 7 years in prison; is that

16  right?

17  A.   Yes.

18  Q.   And there is an outstanding restitution order for you in

19  that case; is that right?

20  A.   Yes.

21  Q.   And you have been, as recently as the fall of 2019, in

22  correspondence with both this Court and the U.S. Attorney's

23  Office regarding that restitution collection; is that right?

24  A.   I pay -- yes.

25  Q.   Well, so if the FLU unit said that you were not

1   responding to their inquiries as to your assets, that would be

2   incorrect?

3   A.    That would be incorrect.  As I said, I generally contact

4   with them, and they have acquired a payment from me in regards

5   to that restitution, let the record show.

6   Q.    There is still outstanding restitution, however, of

7   approximately $200,000 in that case; is that right?

8   A.    Yes, upon me and other players in that case, yes.

9   Q.    All right.  And then, so if you were charged in 2007 and

10  sentenced in 2008 and received 7 years in prison, when were

11  you released from federal prison?

12  A.    2012, 2013, somewhere one of those years.

13  Q.    Okay.  All right.  And you were subsequently arrested and

14  charged with exploitation of a disabled elderly person by

15  Charlotte-Mecklenburg Police Department; is that right?

16  A.    I was arrested and charged, and those cases were

17  dismissed.

18  Q.    And those cases were dismissed after the individual at

19  issue died; is that right?

20  A.    No, those cases were dismissed.

21  Q.    And in fact, the estate of that woman, the estate of

22  Mildred Maye Wallace then sued you in civil court in case

23  18-CVS-14283; is that right?

24  A.    That is incorrect.

25  Q.    And I'm going to show you what's been marked as

1  Government's Exhibit 2.

2              (Government Exhibit No. 2 was received into

3  evidence.)

4  A.   They -- in that case her son and I was sued.

5  Q.   All right.  So you were sued by the estate of Mildred

6  Wallace in 2018; is that right?

7  A.   Yes, I just assumed you would say her son and I, but you

8  just -- you, I guess, you're singling out myself, but yes.

9  Q.   And you -- in fact, many properties owned by Ms. Wallace

10  were deeded over to you during the time that you were doing

11  work for her and her son; is that right?

12  A.   Properties were deeded over to her son and I, yes.

13  Q.   Also during that time you took approximately $200,000 of

14  cash out of her bank account; isn't that right?

15  A.   That is incorrect.

16  Q.   All right.  So the video of you and your van at the ATM

17  taking the money out of her accounts is inaccurate?

18  A.   That is inaccurate.  It is not me.

19  Q.   All right.  Now one of the properties that was deeded to

20  you is 1344 Downs; is that right?

21  A.   Yes.

22              (Government Exhibit No. 3 was received into

23  evidence.)

24  Q.   All right.  And I'm going to show you what's marked as

25  Government's Exhibit 3.  This is a quitclaim deed.  And if you

1    look at the last page, this is describing 1344 Downs; is that

2    correct?

3    A.    Yes.

4    Q.    And this property was deeded from you to your son Malcolm

5    Bynum; is that right?

6    A.    Yes.

7    Q.    And it was for zero consideration; is that right?

8    A.    Yes.

9    Q.    Zero consideration; is that right?

10         And the notary on that document is Tanisha Spears; is

11   that right?

12   A.    Yes.

13   Q.    And that's your son's girlfriend, right?

14   A.    Fiance, yes.

15   Q.    All right.  So at this point -- and this happened in

16   September of 2019; is that right?

17   A.    If the date reflects, yes.

18   Q.    At that point you still owed approximately $200,000 in

19   restitution to the U.S. Attorney's Office and to the Court; is

20   that right?

21   A.    Yes.

22   Q.    And you owned this property outright; is that right?

23   A.    No.

24   Q.    There are no liens on this property; is that correct?

25   A.    Not that I'm aware of, but I -- like I said, I'm not

1  aware of it.

2  Q.   You're not aware of it.  Well, you deeded this to your

3  son.  Are you aware of any bank lien on this property?

4  A.   At this present time I'm just not aware of it.  I haven't

5  checked any records.  I haven't did a deed search.  I don't

6  know.

7           (Government Exhibit No. 4 was received into

8  evidence.)

9  Q.   All right.  And I'm going to show you what's marked as

10 Government's Exhibit 4.  This is a printout from Realtor.com.

11 Is this the house at 1344 Downs Avenue?

12 A.   Yes.

13 Q.   And the Realtor.com estimate is that it's worth about

14 $290,000.

15 A.   Okay.

16 Q.   Is that what this says?

17 A.   Yeah.

18 Q.   All right.  So that asset belongs fully to your son?

19 A.   His name is on the deed.

20 Q.   Well, who else owns it?

21 A.   You just said his name is on the deed so.

22 Q.   All right.  So your son owns an unencumbered asset worth

23 $290,000?

24 A.   Yes.

25 Q.   Are you familiar with the property located at 4213 Briar

1    would like to put that on the record.

2              THE COURT:  Well, that's noted for the record, and I

3    will direct the Marshals to make the jail aware that he has

4    the asthmatic condition.

5              MARSHAL:  All right.

6              MR. ROBERTS:  Thank you, Judge.

7              THE COURT:  Marshal, we will take a ten minute

8    recess.

9              (The matter is concluded at 11:30.)

10                           * * * * * *

11   UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF NORTH CAROLINA
12   CERTIFICATE OF OFFICIAL REPORTER

13             I, Laura Andersen, Federal Official Court Reporter,

14   in and for the United States District Court for the Western

15   District of North Carolina, do hereby certify that pursuant to

16   Section 753, Title 28, United States Code, that the foregoing

17   is a true and correct transcript of the digitally-recorded

18   proceedings prepared stenographically and transcribed to the

19   best of my ability, held in the above-entitled matter and that

20   the transcript page format is in conformance with the

21   regulations of the Judicial Conference of the United States.

22
               Dated this the 24th day of August 2020.
23

24                            s/Laura Andersen
                              Laura Andersen, RMR
25                            Official Court Reporter