UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00037-FDW-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| DONALD BYNUM, TICO JERMAINE BYNUM, and MALCOLM BYNUM, | ) | |
| Defendants. | ) | |

THIS MATTER is before the Court on the Government's Motion for Summary Judgment, (Doc. No. 24), and Defendants' Motion for Summary Judgment, (Doc. No. 26). Both motions have been fully briefed by the parties and are ripe for ruling. Based on the record before the Court, the Government's Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART, and Defendants' Motion for Summary Judgment is DENIED.

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, "'[t]he pertinent inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."'" Variety Stores, Inc. v. Wal-Mart Stores, Inc., 888 F.3d 651, 659 (4th Cir. 2018) (quoting Reyazuddin v. Montgomery Cty., Md., 789 F.3d 407, 413 (4th Cir. 2015) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986))).

1

"Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 568 (4th Cir. 2015) (quoting 10A Charles A. Wright et al., Federal Practice & Procedure § 2728 (3d ed. 1998)). "Therefore, courts must view the evidence in the light most favorable to the nonmoving party and refrain from weighing the evidence or making credibility determinations." Variety Stores, Inc., 888 F.3d at 659 (4th Cir. 2018) (internal quotation marks omitted and alterations adopted). A court improperly weighs the evidence if it fails to credit evidence that contradicts its factual conclusions or fails to draw reasonable inferences in the light most favorable to the nonmoving party. Id. at 659-60.

Here, the parties seek summary judgment on the Government's claims that the transfer from Tico Bynum to Malcolm Bynum is fraudulent in violation of 28 U.S.C. § 3304(a)(1) and 28 U.S.C. § 3304(b)(1)(A) and the transfer from Malcolm Bynum to Donald Bynum is fraudulent in violation of 28 U.S.C. § 3304(b)(1)(B)(ii) and 28 U.S.C. § 3304(b)(1)(A). Those provisions provide:

> (a) Debt arising before transfer.— Except as provided in section 3307, a transfer made or obligation incurred by a debtor is fraudulent as to a debt to the United States which arises before the transfer is made or the obligation is incurred if—
>     (1)    (A) the debtor makes the transfer or incurs the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation; and
>             (B) the debtor is insolvent at that time or the debtor becomes insolvent as a result of the transfer or obligation; or
> . . . .
>
> (b) Transfers without regard to date of judgment.—
>     (1) Except as provided in section 3307, a transfer made or obligation incurred by a debtor is fraudulent as to a debt to the United States, whether such debt arises before or after the transfer is made or the obligation is incurred, if the debtor makes the transfer or incurs the obligation—

Case 3:21-cv-00037-FDW-DCK   Document 47   Filed 02/22/22   Page 2 of 4

> (A) with actual intent to hinder, delay, or defraud a creditor; or
> (B) without receiving a reasonably equivalent value in exchange for the transfer or obligation if the debtor—
>> (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>> (ii) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

28 U.S.C. § 3304.

Bearing these principles in mind, the Court concludes there is minimally sufficient evidence to create a genuine dispute as to Defendants' intent at the time of transfer and whether a reasonably equivalent value was exchanged, both of which are relevant for the Government's claims pursuant to 28 U.S.C. § 3304(b). The Court is precluded from making credibility determinations or weighing evidence to resolve those disputes. Summary judgment is therefore not appropriate.

The Government is entitled to summary judgment on its claim that the transfer from Tico Bynum to Malcolm Bynum is fraudulent in violation of 28 U.S.C. § 3304(a)(1). The Government's brief and exhibits thereto conclusively establish that Tico Bynum transferred the property to Malcom Bynum without receiving reasonably equivalent value and Tico Bynum was both insolvent at the time of the transfer and rendered insolvent because of that transfer. It is undisputed that Malcom did not pay any money to purchase the property from Tico and did not give Tico anything in exchange for the property. In addition, evidence indicates Tico Bynum was presumed insolvent at the time of transfer, see 28 U.S.C. § 3302(b), and that his debts far exceeded his assets after the transfer. Although Tico Bynum makes generalized denials and summary argument to the contrary in the briefs before the Court, he has provided no evidence or forecast

3

any evidence to create a genuine dispute of fact. Wai Man Tom v. Hosp. Ventures LLC, 980 F.3d 1027, 1037 (4th Cir. 2020) ("[C]onclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion." (citing Strickler v. Waters, 989 F.2d 1375, 1383 (4th Cir. 1993)). Under this record, no reasonable juror could find in Tico Bynum's favor on this claim. Therefore, the Government is entitled to summary judgment, and the Court finds and concludes as a matter of law that the transfer from Tico Bynum to Malcolm Bynum is fraudulent in violation of 28 U.S.C. § 3304(a)(1).

Because the Court has already determined there are issues of fact as to the intent of Defendants at the time of transfers, any issues relevant to remedies available pursuant to 28 U.S.C. §§ 3306, 3307—including any good-faith defense—can be decided at trial.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (Doc. No. 26) is DENIED, and the Government's Motion for Summary Judgment (Doc. No. 24) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that the Court intends to proceed with trial with the current setting of this Court's term beginning March 7, 2022. The parties' jointly-prepared pretrial submissions required under this Case Management Order in this case (Doc. No. 11) shall be submitted no later than March 4, 2022. The Court will conduct a pretrial conference immediately following docket call on March 7, 2022.

IT IS SO ORDERED.

Signed: February 22, 2022

Frank D. Whitney
United States District Judge