UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:21-CV-00037

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **ORDER AND FINAL JUDGMENT** |
|  | ) |  |
| TICO JERMAINE BYNUM, | ) |  |
| MALCOLM BYNUM, and | ) |  |
| DONALD BYNUM, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

WHEREAS Defendant Tico Jermaine Bynum transferred the property located at 1344 Downs Avenue, Charlotte, North Carolina, to Defendant Malcom Bynum by quitclaim deed recorded on November 15, 2019, with the Mecklenburg County Register of Deeds at Book 34041, Pages 542-546; and

WHEREAS Defendant Malcolm Bynum transferred the property located at 1344 Downs Avenue, Charlotte, North Carolina, to Defendant Donald Bynum by quitclaim deed recorded on December 1, 2020, with the Mecklenburg County Register of Deeds at Book 35380, Pages 89-93; and

WHEREAS the United States filed this action to void those transfers as fraudulent in violation of the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq.*, to the extent necessary to satisfy the federal criminal restitution debts owed by Defendants Tico Jermaine Bynum and Malcolm Bynum; and

WHEREAS this Court ruled that the transfer from Defendant Tico Jermaine Bynum to Defendant Malcolm Bynum was a fraudulent transfer in violation of 28 U.S.C. § 3304(a)(1); and

WHEREAS a jury returned a verdict that the transfer from Defendant Malcolm Bynum to Defendant Donald Bynum was a fraudulent transfer in violation of 28 U.S.C. § 3304(b)(1)(B)(ii) and 28 U.S.C. § 3304(b)(1)(A); and

WHEREAS the remedies available to the United States of America in an action for relief against a fraudulent transfer are set out in 28 U.S.C. § 3306(a); and

WHEREAS under 28 U.S.C. § 3306(a) the United States of America may obtain "(1) avoidance of the transfer or obligation to the extent necessary to satisfy the debt to the United States; (2) a remedy under this chapter [Chapter 176, the Federal Debt Collection Procedures Act] against the asset transferred or other property of the transferee; or (3) any other relief the circumstances may require"; and

WHEREAS the United States of America has requested that the transfer from Defendant Tico Jermaine Bynum to Defendant Malcolm Bynum be avoided to the extent necessary to satisfy Defendant Tico Jermaine Bynum's debt to the United States; and

WHEREAS the United States has requested that the subsequent transfer from Defendant Malcolm Bynum to Defendant Donald Bynum be avoided to the extent necessary to satisfy Defendant Malcolm Bynum's debt to the United States of America; and

WHEREAS the United States has given notice that it intends to file an application for Writs of Execution against the Property to satisfy the restitution judgments owed by Defendant Tico Jermaine Bynum and Defendant Malcolm Bynum; and

WHEREAS the outstanding restitution balance owed by Defendant Tico Jermaine Bynum as of April 19, 2022, in Case No. 3:97-CR-338-01 is $17,005.20; and

WHEREAS the outstanding restitution balance owed by Defendant Tico Jermaine Bynum as of April 19, 2022, in Case No. 3:07-CR-52-01 is $203,573.62; and

WHEREAS the outstanding restitution balance owed by Defendant Malcolm Bynum as of April 19, 2022, in Case No. 3:20-CR-000202-001 is $169,923.24;

IT IS THEREFORE ORDERED that the Quitclaim Deed recorded at the Mecklenburg County Register of Deeds at Book 34041, Pages 542-546 is hereby declared null and void pursuant to 28 U.S.C. § 3306(a)(1); and

IT IS FURTHER ORDERED that the Quitclaim Deed recorded at the Mecklenburg County Register of Deeds at Book 35380, Pages 89-93, is hereby declared null and void pursuant to 28 U.S.C. § 3306(a)(1); and

IT IS FURTHER ORDERED that the notice of lien filed with the Mecklenburg County Clerk of Superior Court, No. 21M5653, for the restitution debt of Defendant Malcolm Bynum shall attach to that real property located at 1344 Downs Avenue, Charlotte, North Carolina; and

IT IS FURTHER ORDERED that the Mecklenburg County Register of Deeds shall record this Order and Final Judgment such that it is reflected in the chain of title for that real property located at 1344 Downs Avenue, Charlotte, North Carolina; and

IT IS FURTHER ORDERED that upon any sale of the property by the United States pursuant to a Writ of Execution or other means, net proceeds shall be distributed as follows: first, to pay for all the U.S. Marshal's costs and expenses; second, to satisfy Defendant Tico Jermaine Bynum's outstanding restitution balance in Case No. 3:97-CR-338-01 in whole or in part; third, to satisfy Defendant Tico Jermaine Bynum's outstanding restitution balance in Case No. 3:07-CR-52-01 in whole or in part; and fourth, to satisfy Defendant Malcolm Bynum's restitution debt in Case No. 3:20-CR-000202-001 in whole or in part.

SO ORDERED.

Signed: April 20, 2022

_____
Frank D. Whitney
United States District Judge