IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:21-CV-00037

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TICO JERMAINE BYNUM, | ) |
| MALCOLM BYNUM, and | ) |
| DONALD BYNUM, | ) |
| | ) |
| Defendants. | ) |

## APPLICATION FOR WRIT OF EXECUTION

COMES NOW the United States of America, by and through Dena J. King, the United States Attorney for the Western District of North Carolina, and makes application pursuant to the 18 U.S.C. § 3613 and 28 U.S.C. §§ 3202 and 3203 of the Federal Debt Collection Procedures Act (the "FDCPA") for issuance of a Writ of Execution. In support of this request, the United States shows the Court as follows:

1. The Defendant, Tico Bynum, whose Social Security number is ███-8894 and last known address is ████████████, Charlotte, NC ████, is indebted to the United States in the judgment amount of $35,283.03 as a result of a judgment in favor of the United States of America entered on March 25, 1999, in Case No. 3:97-CR-338 (Doc. No. 73) in the United States District Court for the Western District of North Carolina. There are no additional costs or interest associated with the judgment at this time. The balance on the account as of May 11, 2022 is $17,005.20.

2. The Defendant, Tico Bynum, whose Social Security number is ███-██-8894 and last known address is ███████████, Charlotte, NC █████ is indebted to the United States in the judgment amount of $213,424.65 as a result of a judgment in favor of the United States of America entered on April 1, 2008, in Case No. 3:07-CR-52 (Doc. No. 13) in the United States District Court for the Western District of North Carolina. There are no additional costs or interest associated with the judgment at this time. The balance on the account as of May 11, 2022, is $203,573.62.

3. The Defendant, Malcolm Bynum, whose Social Security number is ███-██-3380 and last known address is ███████████, Charlotte, NC █████ is indebted to the United States in the judgment amount of $169,923.24 as a result of a judgment in favor of the United States of America entered on November 19, 2021, in Case No. 3:20-CR-000202-001 (Doc. No. 66) in the United States District Court for the Western District of North Carolina. There are no additional costs or interest associated with the judgment at this time. The balance on the account as of May 11, 2022, is $169,923.24.

4. This Court entered judgment against Defendants Tico Bynum and Malcolm Bynum in this action on April 21, 2022 (Doc. No. 69), voiding fraudulent transfers of a property located at 1344 Downs Avenue, Charlotte, North Carolina, 28205 (the "Property"), which is more fully described in Exhibit A.

5. That Property is now in the possession, custody, or control of Defendant Tico Bynum, and Defendants Tico Bynum and Malcolm Bynum have substantial nonexempt interests in the Property that may be levied upon for payment of the above criminal restitution judgments.

6. The United States requests that the Court authorize the U.S. Marshals Service ("USMS") to levy on the property pursuant to 28 U.S.C. § 3203(d)(1) and 28 U.S.C. § 3102(d)(3),

by entering the property and the residence thereon and posting the writ and notice of levy in a conspicuous place on the property. The United States requests that the Court authorize the USMS to use reasonable force, if necessary, to enter and secure the real property at 1344 Downs Avenue, Charlotte, North Carolina, 28205, in order to enforce the Writ of Execution. The USMS shall be permitted to change the locks located at 1344 Downs Avenue, or to otherwise secure the property.

7. After levy of the subject property, the USMS shall return a Notice of Levy, and pursuant to 28 U.S.C. § 3202(c), the United States will serve Defendants Tico Bynum and Malcolm Bynum and each person whom the United States has reasonable cause to believe has an interest in the property subject to the Writ of Execution with the Application, Writ, Notice of Levy, and Clerk's Notice.

8. The United States requests that USMS be authorized, at their discretion, to contract with a real estate agent or brokerage firm in order to maximize the sale of the property. The United States further requests that USMS not be required to sell property at auction, on the premises of the property, or at the courthouse, and that USMS be authorized to use any reasonable advertising, so long as it is done in a commercially reasonable manner. Further, no official Notice of Sale needs to be issued and posted at the county courthouse.

9. No sale shall take place until either the United States Attorney's Office or USMS has filed a certificate with the court indicating that the Defendant has been served with a copy of the Writ, and until at least ninety (90) days have passed since the date of levy under § 3203(d). No other process needs to be served on the Defendant prior to sale, and the Notice of Levy does not need to be filed with the county.

10. The United States further requests that an amount equal to the reasonable expenses incurred in making this levy of execution and in keeping and maintaining the property be deducted

from the proceeds of the sale of the property, and that the USMS deposit the net proceeds with the United States Clerk of the Court. In accordance with 28 U.S.C. § 3203(h)(1)(B) and the Court's Order and Final Judgment in this matter, net proceeds shall be distributed in the following manner: first, to pay for all the U.S. Marshal's costs and expenses; second, to satisfy Defendant Tico Jermaine Bynum's outstanding restitution balance in Case No. 3:97-CR-338-01 in whole or in part; third, to satisfy Defendant Tico Jermaine Bynum's outstanding restitution balance in Case No. 3:07-CR-52-01 in whole or in part; and fourth, to satisfy Defendant Malcolm Bynum's restitution debt in Case No. 3:20-CR-000202-001 in whole or in part. The levy and sale shall not exceed property reasonably equivalent in value to the aggregate amount of the judgments set out above, plus costs and interest.

11. USMS shall make return of the Writ detailing the net sale proceeds deposited within ten (10) days after the date of sale of the property on which levy is made pursuant to 28 U.S.C. § 3203(d)(3)(C). If levy is not made, the Writ shall be returned not more than ninety (90) days after the date of issuance. *Id.*

This 12th day of May, 2022

DENA J. KING
UNITED STATES ATTORNEY

**s/Julia K. Wood**
JULIA K. WOOD
ASSISTANT UNITED STATES ATTORNEY
N.C. Bar No. 51754
227 West Trade Street, Suite 1650
Charlotte, NC 28202
Tel: 704-344-6222
Fax: 704-227-0248
Email: Julia.Wood@usdoj.gov